ASOCIACIÓN PUERTORRIQUEÑA DE IMPORTADORES DE AUTOMÓVILES USADOS, INC., y OTROS, demandantes y recurridos, *v.* ÁNGEL M. RIVERA, como SECRETARIO DE HACIENDA ET AL., demandados y recurrentes.

*Número:* R-70-170    *Resuelto:* 18 de octubre de 1971

*Gilberto Gierbolini, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de los recurrentes; *Máximo Ruiz Jiménez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

La Asociación Puertorriqueña de Importadores de Automóviles Usados, Inc., y otros impugnaron mediante procedimiento de *injunction* la validez de varias disposiciones de un Reglamento promulgado por el Secretario de Hacienda y aprobado por el Gobernador para implementar la Ley Núm. 80 de 25 de junio de 1969, 13 L.P.R.A. sec. 4034(f), enmendatoria de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico. Dicha ley exige de los vendedores que adhieran a los vehículos de motor, a los cuales sea aplicable, cierta información.

De las diez (10) disposiciones reglamentarias impugnadas, cinco (5) fueron declaradas nulas por el Tribunal Superior por estar, a su juicio, en conflicto con la Ley Núm. 80 de 25 de junio de 1969 y, en consecuencia, ordenó al Secretario de Hacienda y al Administrador de Servicios al Consumidor que se abstuvieran de ponerlas en vigor.

Los demandados recurren ante nos señalando cuatro errores. Todos en realidad giran alrededor de la autoridad del Secretario de Hacienda para aprobar las disposiciones reglamentarias que fueron declaradas nulas por el Tribunal Superior y pueden, por tanto, considerarse como un solo apuntamiento de error.

La Ley Núm. 80 enmendó el inciso "F" del Art. 34 de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. sec. 4034(f). La enmienda consistió en autorizar al Secretario de Hacienda a suministrar, li-

bre de costo, a toda persona que lo solicite, información sobre el precio de fábrica y el precio contributivo de cualquier vehículo de motor que se introduzca en Puerto Rico. Además, le impuso la obligación a las personas o entidades dedicadas a la compraventa de vehículos de motor de adherir al cristal delantero, o en cualquier otro sitio visible del vehículo, en forma clara, correcta y que permita su fácil lectura, la siguiente información:

"1. Nombre de la persona, natural o jurídica, su dirección postal y la dirección del local de negocios donde el vehículo se tiene a la venta así como el nombre y dirección del introductor del mismo y la fecha de su introducción.

2. Marca, modelo y número de serie del motor y de la caja del vehículo.

3. Precio contributivo en Puerto Rico del vehículo, su costo en fábrica, el costo de la transportación cargado al distribuidor, el monto de los impuestos y lo que se pagaría por derechos de licencia.

4. Si el vehículo fuera nuevo, el precio contributivo, el monto de los impuestos y el precio de venta sugerido por el fabricante de cualesquiera equipo opcional instalado en el vehículo en Puerto Rico."

La posición de los recurridos es esencialmente que la divulgación de los datos requeridos en las cinco (5) disposiciones reglamentarias objeto de este recurso no fueron incluidos en la ley entendiéndose, por tanto, excluidos. Del otro lado, los recurrentes sostienen la validez de las disposiciones impugnadas basados, no en la letra de la ley, sino en la intención legislativa de colocar al comprador de automóviles en una mejorada posición de hacer una inversión juiciosa.

De conocimiento general es el rápido cambio que hemos presenciado en Puerto Rico durante los últimos años; de una sociedad y economía rural hacia una de tipo urbano e industrial. Los métodos de mercadeo, distribución y consumo es sólo una de tantas áreas de alteración que hemos visto ocurrir en la Isla. La actividad económica generada por el automóvil es un ejemplo importantísimo de esta transformación. Se nos

dice que entre 1950 y 1971 el registro de vehículos de motor aumentó doce veces, de 57,000 a 685,600. La total dependencia de miles de familias en el automóvil como medio de transportación individual es una experiencia viva. El vehículo de motor dejó de ser hace tiempo un artículo de lujo; en Puerto Rico es ya casi una necesidad. Al finalizar el año fiscal 1970–71, había registrados un vehículo de motor por cada cuatro personas. Durante el año fiscal que terminó el 30 de junio de 1971, el valor o precio contributivo de automóviles nuevos y usados que fueron importados ascendió a la suma de ciento setenta y dos millones y medio de dólares. En sólo dos meses —julio y agosto de este año—la cifra alcanzó más de veintiocho millones de dólares. ([1])

No debe ponerse en duda el poder de reglamentar esta importante actividad económica. ([2]) La medida legislativa responde, según se expresa en el informe de la Comisión de Hacienda de la Cámara de Representantes (*Diario de Sesiones*, Vol. 23, pág. 2107), a la *necesidad pública* de colocar al comprador en posición de hacer una *inversión juiciosa* mediante la divulgación de un *desglose* de las partidas "que entran en el precio de venta" del vehículo. Aunque la Ley Núm. 80 que enmendó el inciso "F" del Art. 34 de la Ley de Impuestos no autoriza al Secretario de Hacienda para que promulgue reglamento alguno, sin embargo, bajo el Art. 78 de dicha ley, 13 L.P.R.A. sec. 4078, ya dicho funcionario estaba facultado en términos generales para aprobar ". . .

---

([1]) Cifras oficiales del Departamento de Hacienda, Negociado de Arbitrios Generales.

([2]) Existe legislación federal, con propósitos similares a la nuestra, aplicable a los fabricantes y distribuidores de automóviles conocida con el nombre "Disclosure of Automobile Information Act", 72 Stat. 325–326; 15 U.S.C.A. §§ 1231–1233. Se dice en el caso de *Plymouth Dealers' Ass'n. of Northern Cal.* v. *United States*, C.A. Cal. 1960, 279 F.2d 128: ". . . [t]he purpose of the [law] was to prevent misbranding, abuse of caravan car prices and the 'packing' . . . ." Esta es la práctica de aumentar el precio sugerido por el manufacturero (*list price*) de manera que permita ofrecer un valor inflado al automóvil usado tomado a cambio.

aquellas reglas y reglamentos que, a su juicio, sean necesarios para la administración y ejecución de este subtítulo."

El Reglamento, 13 R.&R.P.R., sec. 4034-4, preceptúa que será deber de todo traficante que introduzca y tenga para la venta vehículos de motor, adherir al cristal delantero o en cualquier otro sitio visible del vehículo un formulario, que será prescrito de mutuo acuerdo por el Secretario de Hacienda y el Administrador de la Administración de Servicios al Consumidor, en el cual el traficante hará constar su nombre y dirección, la fecha de introducción del vehículo, la descripción, marca, modelo, número de serie del motor y ciertos datos referentes al costo de transportación, impuestos o arbitrios, precio contributivo en Puerto Rico. En cuanto al costo exige que se divulgue el *precio de venta fijado* para los vehículos nuevos y usados; y el *precio cargado por el traficante* en cuanto a equipo opcional instalado en Puerto Rico en vehículos nuevos. En vehículos usados, se exige que se publique, en adición a ese dato, el precio de venta *sugerido* por el traficante por el equipo opcional que le sea instalado en Puerto Rico.

■ En *Ex Parte Irizarry*, 66 D.P.R. 672, 676 (1946), expresamos la norma de derecho que:

". . . [c]uando la legislatura delega en una junta o persona poderes para promulgar reglamentos éstos, para ser válidos, no pueden estar en conflicto con las normas establecidas en la ley. [citas] El fin perseguido al delegar el poder de reglamentación no puede ser otro que el de implementar la ejecución de la ley, pero nunca puede ese poder ejercitarse en tal forma que sustituya el criterio del legislador por el de la junta o persona autorizada a reglamentar."

Existen en este caso unas diferencias de sustancia, no de forma, entre el texto del Art. 34 (f) de la Ley de Impuestos y las disposiciones del Reglamento a que nos hemos referido. (³)

---

(³) No estamos emitiendo juicio en cuanto a la deseabilidad de que se ofrezca al comprador de automóviles información adicional a la exigida por la Ley Núm. 80 de 1969, pues esa es una función que claramente le incumbe a la Asamblea Legislativa.

■ Así vemos que la ley enumera una serie de datos que el traficante deberá adherir en sitio visible del vehículo nuevo o usado. Estos son el precio contributivo, su costo de fábrica, el costo de transportación, el monto de los impuestos y los que se pagarían por derechos de licencia. 13 L.P.R.A. sec. 4034(f)(3). Nada dispone la ley sobre el *precio de venta*. Y nada encontramos en su historial que justifique pueda ésta ser modificada mediante reglamento. Si algo surge de allí es que lo que el legislador tuvo en mente fue que se divulgara "un desglose de las partidas que entran en el precio de venta." La suma de todas estas partidas obviamente no constituye el precio de venta. Falta la *ganancia bruta* del traficante. Este dato no es requerido por la ley. En ausencia de una autorización clara y específica del estatuto no puede ello exigirse por reglamento. Además, el precio de venta es un dato que el comprador conoce, quizás el primero que desea saber para luego llevar a cabo la compraventa. La manera de adquirir ese conocimiento no le priva, conociendo ya los otros datos requeridos, de hacer una inversión juiciosa.

Igual resultado se impone con relación a aquellas disposiciones del Reglamento que requieren que se haga constar el *precio cargado* por el traficante por cada equipo opcional instalado en Puerto Rico en vehículos nuevos y usados, y en cuanto a los usados, además, el *precio de venta sugerido* por el traficante. El párrafo (4) del inciso (f) del Art. 34 de la Ley dispone:

"4. *Si el vehículo fuera nuevo,* el precio contributivo, el monto de los impuestos y el precio de venta sugerido por el *fabricante* de cualesquiera equipo opcional instalado en el vehículo en Puerto Rico." (Bastardillas nuestras.)

Salta a la vista que en cuanto a equipo opcional los datos requeridos se refieren al equipo instalado en Puerto Rico "si el vehículo fuera nuevo" enumerando taxativamente los mismos. Contrario a lo que dispone el Reglamento, la ley no exige que se incluya "el precio cargado por el traficante para

càda equipo" ni, en cuanto a este renglón, que deba hacerse figurar en los carros usados.

Si bien los recurrentes tienen la facultad primaria de implementar mediante reglamento las disposiciones de la ley aquí envuelta, como sostuvimos en *Rosario Mercado* v. *San Juan Racing Assn.*, 94 D.P.R. 634, 642 (1967), ". . . [J]amás debe entenderse modificado o suplantado el texto legal por el reglamentario." Ello es así, particularmente cuando como en el presente caso el Reglamento pretende hacer delito ([4]) la violación de disposiciones reglamentarias no contempladas por la ley. *Ex Parte Irizarry*, (supra).

*Se confirmará la sentencia recurrida.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Martín no intervinieron.

---

([4]) 13 R.&R.P.R. sec. 4034–14(b):

"(b) Las personas que infrinjan las disposiciones de la Ley Núm. 80 de 25 de junio de 1969 [13 L.P.R.A. sec. 4034], o de esta División, convictas que fueren por un Tribunal competente, serán condenadas al pago de una multa no menor de 100 dólares ni mayor de 2,000 dólares o cárcel por no menos de 30 días ni más de un (1) año. En los casos de infracción en grado subsiguiente se impondrán ambas penas, multa y cárcel."