ASOCIACIÓN DE "DEALERS" DE AUTOMÓVILES ET AL., demandantes y apelantes, v. ÁNGEL M. RIVERA ET AL., demandos y apelados.

*Número:* O-71-205     *Resuelto:* 11 de diciembre de 1972

*Francisco Torres Aguiar, Jorge Luis Suárez, Eddie Vázquez Otero* y *Ángel L. Nieves Atienza,* abogados de los apelantes; *Gilberto Gierbolini, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Los apelantes, la Asociación de "Dealers" de Automóviles de Puerto Rico, Inc., y un número de traficantes en vehículos de motor, instaron demanda en el Tribunal Superior, Sala de San Juan, contra Ángel M. Rivera, entonces Secretario de Hacienda de Puerto Rico, contra Héctor Schmidt, Administrador de Servicios al Consumidor y contra el Estado Libre Asociado de Puerto Rico, solicitando que se declarara inconstitucional la Ley Núm. 80 de 25 de junio de 1969 (13 L.P.R.A. sec. 4034(f)) y el Reglamento aprobado por el Secretario de Hacienda en 30 de septiembre de 1969 para efectuar los propósitos de la mencionada Ley 80 (13 R.&R.P.R. sec. 4034-1 y ss.). Dicha ley tuvo el propósito de enmendar el inciso (f) del Art. 34 de la "Ley de Impuestos Sobre Artículos de Uso y Consumo", Ley Núm. 2 de 20 de enero de 1956, según enmendada.

Antes de la enmienda hecha mediante la citada Ley 80 del año 1969, el inciso (f) del. Art. 34 de la Ley de Impuestos leía como sigue:

"El Secretario suministrará libre de costo a toda persona que lo solicite, información sobre el precio en fábrica y el precio contributivo de cualquier vehículo de motor que se introduzca en Puerto Rico."

El texto posterior de dicho inciso (f), según enmendado por la Ley 80, preservó la obligación del Secretario de Hacienda de suministrar libre de costo a toda persona que lo solicite el precio en fábrica y el precio contributivo de cualquier vehículo de motor que se introduzca en Puerto Rico. Pero mediante la referida enmienda se le exigió a los traficantes en vehículos de motor adherir en sitio visible de cada vehículo un pliego con determinada información que se especificaba en el texto enmendado de dicho inciso (f), o sea, en la Ley Núm. 80 de 25 de junio de 1969.

En el caso de autos el Tribunal Superior sostuvo la validez de la Ley y del Reglamento impugnados, salvo cierta disposición del Reglamento que no está ante nuestra consideración. La apelante señala que cometió error el tribunal de instancia al sostener la validez de cuatro determinadas disposiciones del Reglamento y argumenta que dichas disposiciones son nulas porque imponen a los traficantes la obligación de informar ciertos datos que la ley no exige que se informen. Estos datos son los siguientes: (1) precio de venta fijado a los automóviles nuevos y usados; (2) precio cargado por el vendedor por equipo opcional instalado en Puerto Rico en automóviles nuevos; (3) número de la factura de Rentas Internas correspondientes a cada vehículo nuevo y usado; y (4) costo de adquisición fuera de Puerto Rico de vehículos usados.

En *A.P.I.A.U., Inc.* v. *Srio. de Hacienda,* 100 D.P.R. 173 (1971), encontramos que el citado Reglamento, que para efectuar los fines de la Ley 80 se promulgó, fue más allá de lo autorizado por la ley, y allí resolvimos que en ausencia de una autorización específica del estatuto no podía exigirse por Reglamento que el vendedor de automóviles informase, en la forma antes descrita, el precio de venta de vehículos nuevos o usados, ni el precio cargado por equipo opcional instalado en Puerto Rico a automóviles nuevos.

Así las cosas, en 31 de mayo de 1972 el Gobernador firmó dos leyes aquí pertinentes. Una es la Ley Núm. 77 de esa fecha titulada "Ley para proteger a los compradores de vehículos de motor; exigiendo a los traficantes y vendedores de vehículos de motor que adhieran a éstos determinada información; para autorizar al Director de la Administración de Servicios al Consumidor a poner en ejecución la ley; disponer sus deberes y facultades; autorizar la imposición y cobro de multas administrativas; establecer delito y penalidades y derogar toda disposición de ley contraria a la presente."

La otra ley firmada también en 31 de mayo de 1972 es la Núm. 79, la cual enmendó el antes mencionado inciso (f) del Art. 34 de la Ley de Impuestos Sobre Artículos de Uso y Consumo para que dicho inciso volviese a leer exactamente tal como leía *antes* de la enmienda héchale por la citada Ley Núm. 80 de 25 de junio de 1969. Por consiguiente, la Ley 80 quedó implícitamente derogada por la mencionada Ley 79 de 1972.

Resulta una realidad legislativa el hecho de que el 31 de mayo de 1972, fecha en que al aprobarse la Ley 79 se derogó implícitamente la Ley 80 de 1969, también se aprobó la citada Ley Núm. 77, la cual tiene por finalidad, según la misma expresa, proteger a los compradores de vehículos de motor. Es casi evidente que mediante dicha Ley Núm. 77 de 31 de mayo de 1972 se quisieron curar las insuficiencias que en el caso de *A.P.I.A.U., Inc.* supra, encontramos en el Reglamento aprobado para efectuar los propósitos de la Ley 80 de 1969. Además, dicha Ley Núm. 77 constituye un esfuerzo legislativo más completo que la anterior enmienda de 1969 al Art. 34(f) de la Ley de Impuestos, dirigido al problema que se propone conjurar.

La Ley Núm. 77 de 31 de mayo de 1972 contiene una exposición de motivos que da perspectiva a la misma y, entre otras cosas, confiere poderes e impone deberes al Director de

la Administración de Servicios al Consumidor, dispone expresamente el tipo de información que los vendedores o traficantes en vehículos de motor vienen obligados a adherir en sitio visible a los vehículos, provee para vistas administrativas, para multas administrativas, para revisión judicial y dispone las penalidades para sancionar las violaciones a la misma.

Entre las facultades que la Ley 77 confiere expresamente al Director de la Administración de Servicios al Consumidor está la de adoptar los reglamentos necesarios para el cumplimiento de dicha ley, sujeto a lo dispuesto en el Art. 5 de la Ley Núm. 148 de 27 de junio de 1968, 23 L.P.R.A. sec. 1005. La Ley 77 pone en manos del Director de la Administración de Servicios al Consumidor la administración de esa ley, función que bajo la extinta Ley 80 de 1969 estaba dividida entre el Secretario de Hacienda y la Administración de Servicios al Consumidor.

■ En cuanto al caso de autos, al quedar derogada la citada Ley 80 de 1969 que enmendaba la Ley de Impuestos, al trasladarse mediante la Ley 77 de 1972 a la Administración de Servicios al Consumidor la función de proteger a los compradores de vehículos de motor y al conferirse al Director de esa Administración la facultad de adoptar los reglamentos necesarios para el cumplimiento de la Ley 77, ya no es necesario que discutamos ni decidamos si el antes mencionado Reglamento del Secretario de Hacienda sigue o no la letra de la derogada Ley 80.

Conviene añadir que la vigente Ley 77 de 1972 exige que los vendedores o traficantes en vehículos de motor adhieran en sitio visible y en forma clara prácticamente toda la información que el anterior Reglamento exigía. La información que el Art. 3 de la Ley 77 exige es la siguiente:

"(1) Nombre de la persona, natural o jurídica, su dirección postal y la dirección del local de negocios donde el vehículo se

tiene a la venta así como el nombre y dirección del introductor del mismo y la fecha de su introducción.

(2) Marca, modelo y número de serie del motor, de la caja del vehículo y número de declaración de Rentas Internas donde se declara el vehículo.

(3) Costo en fábrica del vehículo.

(4) Arbitrios sobre el vehículo y sobre equipo instalado en Puerto Rico.

(5) Precio de venta sugerido en Puerto Rico por el vendedor.

(6) Los diferentes costos incluídos en el precio de venta sugerido podrán ser desglosados, siempre que no se incurra en duplicidad."

Algunos de los términos utilizados en el citado Art. 3 de la Ley están definidos en el Art. 2 de la misma.

■ Conviene dejar claro lo siguiente. En relación con el deber de los vendedores o traficantes en vehículos de motor de informar el número de la declaración de Rentas Internas donde se declara el vehículo, la apelante argumenta que esa información es de naturaleza confidencial en vista de lo dispuesto en el Art. 80 de la Ley de Impuestos, 13 L.P.R.A. sec. 4080(c). Dicha sección prohíbe a los funcionarios y empleados del Departamento de Hacienda divulgar la información contenida en las declaraciones, libros, récords, u otros documentos examinados por el Secretario de Hacienda o suministrados a él, *"excepto de acuerdo con la ley."* La Ley 77, al exigir que esa información se publique le ha quitado a la misma toda naturaleza confidencial, si es que alguna vez la tuvo.

■ En vista de que el presente es un recurso instado para que se declarase inconstitucional la Ley 80 y su Reglamento y en vista de que dicha Ley fue derogada y que tanto el asunto que cubría—la protección de los compradores de vehículos de motor—como la facultad de adoptar los reglamentos necesarios han sido transferidos al Director de la Administración

de Servicios al Consumidor, *el objeto del recurso se ha tornado académico y el mismo deberá archivarse por tal razón.*

El Juez Asociado, Señor Martín, no intervino.