EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mario Pérez Santos<br>    Peticionario<br><br>        v.<br><br>Comisión de Relaciones del Trabajo<br>del Servicio Público<br>    Recurrido | Certiorari<br><br>2002 TSPR 133<br><br>157 DPR \_\_\_\_ |

Número del Caso: CC-2002-578


Fecha: 4 de octubre de 2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional I


Juez Ponente:
                    Hon. Antonio J. Negroni Cintrón


Abogados de la Parte Peticionaria:
                    Lcda. María del Pilar Fas Santiago
                    Lcdo. Rafael A. Nadal Arcelay

Abogado de la Parte Recurrida:
                    Por Derecho Propio


Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal.
Su distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mario Pérez Santos

    Peticionario

      vs.                     CC-2002-578     Certiorari

Comisión de Relaciones del
Trabajo del Servicio Público

    Recurrido

PER CURIAM
(REGLA 50)

San Juan, Puerto Rico, a 4 de octubre de 2002

El 5 de julio de 2002, la parte peticionaria, el Sr. Mario Pérez Santos, mediante presentación de un auto de *certiorari*, nos solicita que revisemos la sentencia dictada por el Tribunal de Circuito de Apelaciones de 30 de abril de 2002. Mediante ésta, dicho foro se declaró sin jurisdicción para considerar una resolución de la Comisión de Relaciones del Trabajo en el Servicio Público.

Una vez examinado el recurso ante nos, así como su apéndice, expedimos el auto y procedemos a resolver sin trámite ulterior con la autoridad que

nos confiere la Regla 50 del Reglamento de este Tribunal.

I

El 12 de noviembre de 1999, el Prof. Mario Pérez Santos solicitó por escrito al Secretario de Educación, su interés de no estar afiliado a la Federación de Maestros, organización debidamente certificada como representante exclusivo en el Departamento de Educación, en adelante el Departamento. El peticionario pertenece a la Unidad Apropiada de Maestros, que bajo la Ley Núm. 45, de 25 de febrero de 1998, según enmendada, cubre el Convenio Colectivo otorgado entre la Federación de Maestros y el Departamento.

El 29 de enero de 2002, el Departamento, mediante comunicación escrita, destituyó al peticionario de empleo y sueldo de su puesto como maestro de Educación Comercial de la Escuela Gabriela Mistral del Distrito Escolar de San Juan III, y le canceló todos los certificados docentes poseídos para ejercer como maestro o en cualquier otra función docente en el Sistema de Educación Pública y en las escuelas privadas de Puerto Rico. En esa comunicación, el Departamento de Educación apercibió al maestro que tenía un término de treinta días, contados a partir del recibo de la misma, para solicitar una vista con el fin de ventilar los cargos en su contra ante un árbitro de la Comisión de Relaciones del Trabajo del Servicio Público, en adelante la Comisión.

El 13 de febrero de 2002, el peticionario, por conducto de su representación legal, solicitó mediante carta certificada con acuse de recibo, señalamiento para la vista junto al formulario de Solicitud de Arbitraje de Quejas y Agravios de la Comisión.

El 8 de marzo de 2002, la Comisión, desestimó tal solicitud aduciendo que por disposición expresa de la Sección 701 del Reglamento de la Comisión, la solicitud se puede iniciar únicamente por acuerdo

de las partes en un convenio colectivo o una de las partes en tal convenio.

Inconforme, el peticionario acudió al Tribunal de Circuito de Apelaciones. Ese tribunal, mediante la resolución objeto de este recurso, concluyó que no tiene jurisdicción para revisar una orden o resolución final de la Comisión o de un laudo adjudicando un *impasse* en una negociación, y que tal autoridad corresponde al Tribunal de Primera Instancia.

Finamente, el peticionario acude ante nos señalando que:

**ERRÓ EL TRIBUNAL DE CIRCUITO DE APELACIONES AL NEGARSE A EXPEDIR EL AUTO DE REVISIÓN Y AL DECLARARSE SIN JURISDICCIÓN PARA REVISAR LA RESOLUCIÓN DE LA COMISIÓN DE RELACIONES DEL TRABAJO DEL SERVICIO P[Ú]BLICO LA CUAL VIOLENTA EL DEBIDO PROCESO DE LEY DEL APELANTE AL NEGARLE ACCESO A LA COMISIÓN.**

II

La Exposición de Motivos de la Ley Núm. 45 de 25 de febrero de 1998, Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico, según enmendada, 3 L.P.R.A. §§ 1451-1453j, claramente señala que su aprobación obedeció al objetivo de "conferirle a los empleados públicos en las agencias tradicionales del gobierno central, a quienes no aplica la Ley de Relaciones del Trabajo de Puerto Rico, el derecho a organizarse para negociar sus condiciones de trabajo dentro de los parámetros que se establecen en esta ley".

La Ley Núm. 96 de 7 de agosto de 2001, que enmendó la Ley Núm. 45, *supra*[1]*,* en lo que nos atañe, expresa:

---

[1] El anterior Art. 4, § 4.2 de la Ley Núm. 45, *supra*, disponía:

"Aquellos empleados que formen parte de una unidad apropiada para fines de negociación colectiva debidamente certificada por la Comisión, que no interesen afiliarse ni ser representados por la organización obrera debidamente certificada, podrán solicitar ser excluidos de la misma. Este derecho no aplicará una vez sean miembros de la organización obrera. Estos empleados no pagarán cargos por servicios a la organización obrera. Los empleados no afiliados a la

> Aquellos empleados que formen parte de una unidad apropiada para fines de negociación colectiva debidamente certificada por la Comisión, que opten por no afiliarse ni ser representados por la organización obrera debidamente certificada, podrán solicitar ser excluidos de la misma mediante presentación de una notificación al efecto al jefe de la Agencia con copia al representante exclusivo, dentro de los treinta (30) días siguientes a la notificación de la certificación del representante exclusivo. Art.17, sec.17.1

Sin embargo, los miembros de la Unidad Apropiada que opten por no afiliarse están sujetos a las disposiciones del convenio colectivo en cuanto a los procedimientos de quejas, agravios y arbitraje. Art. 17, § 17.2 de la Ley Núm.96, *supra*.[2]

El Convenio Colectivo adoptado por la Federación de Maestros y el Departamento de Educación el 3 de febrero de 2000, establece:

> Todas las controversias, disputas, quejas, querellas y reclamaciones basadas en la aplicación e interpretación de las disposiciones de este convenio serán de competencia de los organismos y funcionarios creados y designados en este Artículo y de los organismos creados por la Ley número 45 de 25 de febrero de 1998, Título 3 LPRA Sec. 1451 y siguientes, conocida como Ley de Relaciones del Trabajo para el Servicio Público. Sección 10.01 del Convenio Colectivo.

La Sec. 10.10 expresa, en lo pertinente a este caso, lo siguiente:

---

organización obrera observarán las disposiciones del convenio colectivo en cuanto a los procedimientos para ventilar quejas, agravios y arbitraje; y les serán aplicables para su beneficio las disposiciones del convenio colectivo en lo que respecta a salarios, beneficios marginales y términos y condiciones de empleo. El taller cerrado y el taller unionado estarán prohibidos."

[2] "(a) Toda controversia surgida al amparo de un convenio colectivo negociado entre las partes, será dirimida a través de los mecanismos pactados en el convenio colectivo para el ajuste de quejas y agravios.

(b) Todo convenio entre el representante exclusivo y la agencia deberá incluir procedimientos para resoluciones de quejas y agravios, incluyendo el arbitraje, que pueda surgir durante la vigencia de un convenio, incluyendo controversias sobre la aplicación e interpretación de sus cláusulas.

(c) Las partes vendrán obligadas a acogerse al servicio de arbitraje provisto por la Comisión de Relaciones del Trabajo en el sector público." Art. 8, 3 L.P.R.A. § 1252.

Todo empleado, **personalmente** o a través del Sindicato, tendrá treinta (30) días a partir del recibo de la notificación de la formulación de cargos, para solicitar la celebración de una vista para la ventilación de los mismos ante un Árbitro de la Comisión de Relaciones del Trabajo del Servicio Público creada por la Ley núm. 45, supra. (Énfasis nuestro.)

Este fue el curso procesal seguido por el peticionario, sin embargo la Comisión se negó a procesar la solicitud de arbitraje en virtud del Art. 701 del Reglamento de la Comisión, en cual en lo pertinente dispone:

A. Las solicitudes de arbitraje de quejas y agravios se podrán iniciar únicamente de las dos siguientes formas:
1. por acuerdo de ambas partes a un convenio colectivo;
2. o a solicitud de una de las partes que suscribió un convenio colectivo.

La Ley Núm. 45, *supra*, creó la Comisión, a la cual le otorgó poderes cuasi legislativos y cuasi judiciales, con el único fin de implementar sus propósitos. Un reglamento promulgado por un ente administrativo no puede estar en conflicto con la ley habilitadora. Franco Dominicci v. Departamento de Educación, res. el 30 de junio de 1999, 99 TSPR 105.

La función de los tribunales generalmente ha de ir dirigida a evaluar: 1) si la actuación administrativa está autorizada por la ley; 2) si se delegó poder de reglamentación; 3) si la reglamentación promulgada está dentro de los amplios poderes delegados; 4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales; y 5) si la reglamentación es arbitraria o caprichosa. Marketing and Brokerage Specialists, Inc. v. Departamento de Agricultura, 118 D.P.R. 319, 326 (1987).

Los tribunales no deben perder de perspectiva que, "un reglamento promulgado para implantar la ejecución de una ley puede complementarla, pero no estar en conflicto con ésta". P.S.P. v. Comisión Estatal de Elecciones, 110 D.P.R. 400, 409 (1980). De lo contrario, la disposición reglamentaria tiene que ceder ante el mandato legislativo. Díaz v. Srio. de Hacienda, 114 D.P.R. 850, 874 (1983). Véanse: A.P.I.A.U., Inc. v. Srio. de Hacienda, 100 D.P.R. 173, 179 (1971); Rosario Mercado v. San Juan Racing Assn., 94 D.P.R. 634, 642 (1967). "La preocupación

evidenciada por esta norma va encaminada a examinar la cuestión sustantiva de si la regla está de acuerdo con las disposiciones estatutarias bajo las cuales se promulgó." <u>Carrero v. Departamento de Educación</u>, 141 D.P.R. 830 (1996).

Los reglamentos promulgados por una agencia, para que sean válidos, además de encontrarse en los límites legales, no pueden adolecer de otro vicio, como contener reglas caprichosas y arbitrarias. <u>Carrero v. Depto. de Educación</u>, *supra*, pág. 273. Las agencias no tienen facultad para adoptar reglamentación que imponga requisitos adicionales a aquellos establecidos por los estatutos que rigen la revisión de la agencia. <u>Carabarín et al. v. A.R.P.E.</u>, 132 D.P.R. 938 (1993); <u>Pagán Ramos v. F.S.E.</u>, 129 D.P.R. 888 (1992).

> Así pues, las agencias administrativas no pueden promulgar reglas caprichosas y arbitrarias. Las reglas deben ser razonables. Los tribunales deben determinar si existe una relación o conexión racional entre una regla o reglamento y el estatuto que autoriza su creación. El ataque contra la reglamentación será exitoso si se demuestra que las normas son arbitrarias por descansar en motivos desvinculados del propósito de la reglamentación." <u>Franco Dominicci v. Departamento de Educación</u>, *supra*.

Además, reiteradamente hemos afirmado que las reglas procesales no tienen vida propia, sino que existen para viabilizar la consecución del derecho sustantivo de las partes. <u>Municipio de Arecibo v. Almacenes Yakima</u>, res. el 6 de junio de 2001, 2001 TSPR 79; <u>Dávila v. Hosp. San Miguel</u>, 117 D.P.R. 807 (1986).[3]

El Art. 701 del Reglamento 6385, se encuentra en franca contradicción con ley que permitió su promulgación, al impedir que un empleado no afiliado acceda a los mecanismos de quejas, querellas y

---

[3] "En ocasiones, en nuestro afán de hacer valer las reglas, las aplicamos literalmente y perdemos de vista que las normas procesales no tienen vida propia. Estas sólo existen para hacer viable la determinación de los derechos sustantivos de las partes y la resolución de forma pacífica de las controversias." <u>M & R Developers, S.E. v. Banco Gubernamental de Fomento</u>, res. el 12 de marzo de 2001, 2001 TSPR 34.

arbitraje que tanto la Ley Núm. 45, *supra*, y el Convenio Colectivo promueven.

La actuación de la Comisión, al ampararse en una norma procesal, arbitraria y caprichosa, para denegar el acceso al procedimiento de arbitraje que está obligada a brindar, tiene el indeseado efecto de restringir su uso sólo a aquellos empleados afiliados y representados por la Federación de Maestros, penalizando a aquellos que ejercieron su derecho consagrado en la Ley Núm. 45, *supra*.

Como ya mencionamos, la Ley Núm. 45, *supra*, explícitamente señala que el procedimiento para la resolución de querellas establecido en el Convenio Colectivo incluye a todos los miembros de la Unidad Apropiada, aún aquellos que opten por su derecho de no afiliarse. Por ello, entendemos que la Comisión es el foro con jurisdicción para ventilar la formulación de cargos contra el peticionario.

También actúo erróneamente el Tribunal de Circuito de Apelaciones al declararse sin jurisdicción para revisar la resolución final de la Comisión, cuando la Ley Núm. 45, *supra*, específicamente, expresa[4]:

> El <u>Tribunal de Circuito de Apelaciones</u>, a solicitud de parte, **tendrá jurisdicción para entender discrecionalmente en los recursos de revisión de órdenes y resoluciones finales de la Comisión** según los términos que dispone las secs. 2101 et seq. de este título, conocidas como "Ley de Procedimiento Administrativo Uniforme". Los recursos de revisión serán competencia de los Paneles de la Región Judicial de San Juan. Art. 10, § 10.1, Ley Núm.45, supra, 3 L.P.R.A. § 1452d. (Énfasis nuestro.)

La competencia del Tribunal de Primera Instancia en cuanto a la Ley Núm. 45, *supra*, está definida en ella, y se refiere, en síntesis, a poner en vigor las ordenes y resoluciones finales de la Comisión. Art. 10 § 10.2, 3 L.P.R.A.§ 1452e.

---

[4] Además, véase: Art.9, § 9.3(j), 3 L.P.R.A. § 1452c.

Por los fundamentos vertidos en esta opinión, se dictará sentencia revocando la resolución del Tribunal Circuito de Apelaciones, por estar éste dotado plenamente de autoridad jurisdiccional para revisar las decisiones finales de la Comisión; y en virtud del principio de economía procesal, se revocará, además, la resolución de la Comisión a los efectos de reconocerle al peticionario el derecho al procedimiento de arbitraje establecido en el Convenio Colectivo. Se devolverá este asunto a la Comisión para que proceda de conformidad con lo aquí resuelto respecto a la solicitud de arbitraje del Sr. Pérez Santos, a celebrar la vista correspondiente para dilucidar los cargos en su contra.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Mario Pérez Santos

    Peticionario

      vs.

                  CC-2002-578     Certiorari

Comisión de Relaciones del
Trabajo del Servicio Público

    Recurrido


SENTENCIA
(REGLA 50)

San Juan, Puerto Rico, a 4 de octubre de 2002

    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocando la resolución del Tribunal Circuito de Apelaciones, por estar éste dotado plenamente de autoridad jurisdiccional para revisar las decisiones finales de la Comisión; y en virtud del principio de economía procesal, se revoca, además, la resolución de la Comisión a los efectos de reconocerle al peticionario el derecho al procedimiento de arbitraje establecido en el Convenio Colectivo. Se devuelve este asunto a la Comisión para que proceda de conformidad con lo aquí resuelto respecto a la solicitud de arbitraje del Sr. Pérez Santos, a celebrar la vista correspondiente para dilucidar los cargos en su contra.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río disiente de la parte dispositiva y devolvería el caso al Tribunal de Circuito de Apelaciones para que lo atienda en sus méritos, a lo cual se une el Juez Asociado señor Rivera Pérez. Los Jueces Asociados señores Rebollo López y Hernández Denton no intervinieron.


             Patricia Otón Olivieri
          Secretaria del Tribunal Supremo