CC-98-430

En el Tribunal Supremo de Puerto Rico

| Luz M. Franco Dominicci<br>    Peticionaria<br><br>              V.<br><br>Departamento de Educación<br>    Recurrida | Certiorari<br><br>99 TSPR 105 |

Número del Caso: CC-1998-0430

Abogado de la Parte Peticionaria:  Lcdo. Luis M. Escribano Díaz

Abogado de la Parte Recurrida:    Lcda. Arlene López Rodríguez

Agencia: Junta de Apelaciones del Sistema de Educación

Tribunal de Circuito de Apelaciones, Circuito Regional VI Caguas-Humacao

Juez Ponente: Hon. Pesante Martínez

Fecha: 6/30/1999

Materia: Apelación de Decisión de Agencia Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

CC-98-430

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luz M. Franco Dominicci

    Peticionaria

       v.                           CC-98-430

Departamento de Educación

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 30 de junio de 1999

Nos corresponde dilucidar si la Junta de Apelaciones del Sistema de Educación tiene jurisdicción para atender aquellos casos en los cuales un funcionario, al amparo de la autoridad conferida por el Secretario de Educación, impone a un empleado del Departamento de Educación la suspensión de un día de sueldo como medida correctiva.

I

La Sra. Luz M. Franco Dominicci (en adelante peticionaria) ocupa un puesto de carrera como maestra del Departamento de Educación.  Actualmente

labora en el Distrito Escolar de Juana Díaz. El 1 de octubre de 1997 la peticionaria no asistió a trabajar a su escuela pues fue a participar en la protesta instada por la venta de la Compañía Telefónica de Puerto Rico. En consecuencia, el 2 de octubre de 1997 el Director Escolar del Distrito de Juana Díaz, le cursó una comunicación escrita mediante la cual le notificó tajantemente que se le descontaría un día de sueldo por ausencia injustificada. Se le apercibió que, de insistir en ausentarse de su trabajo sin autorización, se sometería su caso a la consideración del Secretario de Educación para que impusiera las sanciones disciplinarias correspondientes conforme a las leyes y reglamentos vigentes.

La comunicación expresaba lo siguiente:

> Su ausencia correspondiente al 1 de octubre de 1997 no se justifica. Por tanto, he notificado a la Secretaria Auxiliar de Recursos Humanos para que se realice el descuento de sueldo correspondiente. Copia de este informe será enviado a la Secretaria Auxiliar mencionada para los trámites de descuentos.

> Espero comprenda la necesidad de que esta situación no se repita, pues es perjudicial a su récord como empleado[a] del Departamento de Educación. De usted insistir en este tipo de ausencia, nos veremos en la obligación de someter su caso ante la consideración del Secretario de Educación para la imposición de las sanciones disciplinarias que correspondan de conformidad con las leyes y reglamentos.

La peticionaria, inconforme con tal determinación, presentó un escrito de apelación a la Junta de Apelaciones del Sistema de Educación (en adelante J.A.S.E.).[1]

El Departamento de Educación, por su parte, presentó una moción en la que solicitó la desestimación del recurso por prematuro. Sostuvo que la peticionaria no había agotado los remedios administrativos, ya que obvió el procedimiento establecido para querellarse ante la Oficina de Inspección de Quejas del Departamento de Educación. En

---

[1] En particular, la peticionaria alegó que la carta que le fuera cursada carecía de validez al disponer una amonestación escrita sin estar firmada por la autoridad nominadora. Además, adujo, como causa

consecuencia, adujo que la Junta no poseía jurisdicción sobre el asunto.

Luego de evaluar los planteamientos de las partes, J.A.S.E. dictó una resolución mediante la cual declaró con lugar la moción de desestimación presentada por el Departamento.

La peticionaria acudió entonces al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) mediante recurso de revisión. La mayoría del Tribunal confirmó el dictamen de la agencia administrativa.[2] Resolvió que la carta cursada a la peticionaria no equivalía a una amonestación escrita sino a una acción administrativa que se sigue en el curso ordinario de los casos en que un empleado se ausenta de su trabajo sin alguna autorización o justificación. En vista de ello, determinó que la peticionaria venía obligada a agotar el cauce administrativo antes de presentar su apelación ante J.A.S.E., por lo que esta última no incidió al decretarse sin jurisdicción.[3]

De dicha determinación la peticionaria acudió ante nos.[4] El 15 de septiembre de 1998, expedimos el recurso. Las partes han comparecido

---

de la invalidez de la carta, el hecho de que la misma no le informara del derecho a apelación ante J.A.S.E.

[2] El Juez Germán Brau Ramírez emitió voto disidente.

[3] Aunque ante J.A.S.E. apelaron 24 maestros más, el Tribunal de Circuito indicó que sólo asumiría jurisdicción sobre la peticionaria Sra. Franco Dominicci y no de los restantes maestros, debido a que ésta fue la única identificada propiamente en el recurso y la única sobre la cual se acompañó la documentación pertinente para la resolución de la controversia.

[4] Los errores señalados por la peticionaria fueron los siguientes:

   Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la J.A.S.E. no tenía que hacer, en su Resolución, determinaciones de hechos [sic] ni conclusiones de derecho.

   Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la carta que recibi[ó] l[a] Apelante-Recurrente [peticionaria] de sus superiores, no es una amonestación escrita.

   Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la Apelación ante la J.A.S.E. fue prematura.

   Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la amonestación escrita no constituía una

en apoyo de sus posiciones, por lo que estamos en posición de resolver sin ulteriores trámites.

Antes de analizar el asunto que hoy nos ocupa es menester que expongamos los preceptos básicos que rigen en nuestro ordenamiento jurídico en torno a las decisiones administrativas.

## II

Las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto por los tribunales y su revisión judicial debe limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente, o en forma tan irrazonable que su actuación constituya un abuso de discreción. Rivera v. Supte. Policía de P.R., Op. de 30 de junio de 1998, 146 D.P.R.___ (1998), 98 JTS 88, pág. 1273; Henríquez v. Consejo Educación Superior, 120 D.P.R. 194, 210 (1987); Murphy Bernabe v. Tribunal Superior, 103 D.P.R. 692, 699 (1975). Ahora bien, en cuanto a las interpretaciones que de un estatuto hagan las agencias administrativas, los tribunales deben gran deferencia **sólo** cuando sean **razonables** y **compatibles** con el propósito legislativo. (Énfasis nuestro.) Maisonet v. F.S.E., Op. de 30 de diciembre de 1996, 142 D.P.R.___ (1996), 96 JTS 169, pág. 454; Vázquez v. A.R.P.E., 128 D.P.R. 513, 523 (1991); De Jesús v. Depto. Servicios Sociales, 123 D.P.R. 407, 418 (1989); Asoc. Médica de P.R. v. Cruz Azul, 118 D.P.R. 669, 678 (1987). Dicho en otros términos, la deferencia reconocida puede ceder en aquellas circunstancias en las

---

determinación final e institucional de la Autoridad Nominadora,... .

Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la J.A.S.E. no tenía jurisdicción sobre la apelación, cuando nos concede que una amonestación suscrita por otra persona que no es el Secretario de Educación no tiene consecuencias jurídicas contra nadie (Pág. 8 de Resol. Recurrrida).

Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que la J.A.S.E. no tiene jurisdicción para entender en un caso en que a [la peticionaria] le afectaron sus derechos protegidos por nuestro ordenamiento.

cuales el organismo administrativo ha errado en la aplicación de la ley. <u>Reyes Salcedo</u> v. <u>Policía de P.R.</u>, Op. de 13 de mayo de 1997, 143 D.P.R.___ (1997) 97 JTS 58, pág. 959.

A la luz de estos principios, examinaremos si la J.A.S.E., tenía jurisdicción para atender la reclamación de la peticionaria.

### III

La Jurisdicción de J.A.S.E. está enmarcada en el Art. 7 de la Ley Núm. 115 de 30 de junio de 1965, según enmendada por la Ley Núm. 78 de 28 agosto de 1991, 18 L.P.R.A. sec. 274e-1. Conforme a los propios términos de dicho estatuto, J.A.S.E. tiene facultad para entender en aquellas medidas correctivas impuestas a un maestro o empleado del Sistema de Educación Pública por el Secretario de Educación, incluyendo la amonestación verbal, reprimendas escritas. suspensiones de empleo y sueldo y destituciones. Art. 2 de la Ley Núm. 115, supra, 18 L.P.R.A. sec. 274-1, (Supl. 1998). J.A.S.E. también goza de jurisdicción para entender en "los casos de maestros o empleados cuando aleguen que una acción o decisión del Secretario de Educación viola sus derechos en las áreas esenciales al principio de mérito conforme a las leyes y reglamentos aplicables del Departamento de Educación." Art. 7 inciso (c) de la Ley Núm. 115, supra, 18 L.P.R.A. sec. 274e-1(c).

De otra parte, el Art. 1.3 (a) del Reglamento Procesal Núm. 4601 adoptado por J.A.S.E. el 31 de octubre de 1991, dispone que dicha entidad tendrá jurisdicción sobre apelaciones presentadas por maestros o empleados afectados por, "cualquier medida correctiva tomada por el Secretario de Educación" por, entre otros motivos "[n]o asistir al trabajo con regularidad y puntualidad, y no cumplir la jornada de trabajo establecida." El Art. 1.6 de dicho Reglamento reitera que dicho organismo tendrá jurisdicción en los casos en que maestros o empleados "aleguen que una acción o decisión del Secretario de Educación viola sus derechos en las áreas esenciales al principio de

mérito conforme a las leyes y reglamentos aplicables del Departamento de Educación."

A tenor con las disposiciones antes citadas es difícil concluir que J.A.S.E. no tiene jurisdicción para entender sobre este caso.

Ciertamente, las acciones tomadas en este caso por el Departamento de Educación están claramente definidas dentro del texto de las disposiciones citadas. En particular, el descuento por la agencia de una porción del salario de un empleado, el cual, sin duda alguna, afecta un derecho perteneciente a un "área esencial al principio de mérito." Igualmente, la inclusión en el récord de la peticionaria de una comunicación redactada en los términos antes citados, también afecta los derechos de un empleado y constituye, al menos, una "medida correctiva" dentro del contexto de la Ley y del Art. 1.6 del Reglamento Procesal de J.A.S.E.

Aun así, la mayoría del Tribunal de Circuito resolvió que la decisión de la agencia no era final, porque la peticionaria no presentó una querella en la Oficina de Inspección de Quejas del Departamento de Educación, para dar inicio al procedimiento adjudicativo intra agencial establecido por el Reglamento Núm. 3750 adoptado el 7 de febrero de 1989 por el Departamento de Educación. No le asiste la razón.

Al examinar la validez de una reglamentación de una agencia administrativa, los tribunales deben analizar si: (1) la actuación administrativa está autorizada por ley; (2) se delegó poder de reglamentación; (3) la reglamentación promulgada está dentro de los amplios poderes delegados; (4) al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica y de las leyes especiales; y (5) si la reglamentación es arbitraria o caprichosa. Carrero v. Depto. de Educación, Op. de 30 de octubre de 1996, 141 D.P.R.___ (1996), 96 JTS 141, pág. 273 y casos allí citados. Más importante aún, los tribunales no deben perder de perspectiva que, **"un reglamento promulgado para implantar la ejecución de una ley puede complementarla, pero no estar en conflicto con ésta...."** (Énfasis nuestro.) P.S.P. v.

Comisión Estatal de Elecciones, 110 D.P.R. 400, 409 (1980). El interés protegido por esta norma es velar porque la regla esté de acuerdo con las disposiciones estatutarias bajo las cuales se promulgó. Carrero v. Depto. de Educación, supra. De lo contrario, la disposición reglamentaria tiene que ceder ante el mandato legislativo. Díaz v. Srio. de Hacienda, 114 D.P.R. 850, 874 (1983). Véanse, además: A.P.I.A.U., Inc. v. Srio. de Hacienda, 100 D.P.R. 173, 179 (1971); Rosario Mercado v. San Juan Racing Assn., 94 D.P.R. 634, 642 (1967).

Ahora bien, no basta con que el Reglamento esté dentro de los límites de la ley para que se declare su validez, es menester que tampoco adolezca de otro vicio, como contener reglas caprichosas y arbitrarias. Carrero v. Depto. de Educación, supra, pág. 273. Sobre este particular hemos advertido que las agencias carecen de facultad para adoptar reglamentación que imponga requisitos adicionales a aquellos establecidos por los estatutos que rigen la revisión de la agencia. Véanse, Carabarín et al. v. A.R.P.E., 132 D.P.R. 938 (1993) y Pagán Ramos v. F.S.E., 129 D.P.R. 888 (1992).

Así pues, las agencias administrativas no pueden promulgar reglas caprichosas y arbitrarias. Las reglas deben ser razonables. Los tribunales deben determinar si existe una relación o conexión racional entre una regla o reglamento y el estatuto que autoriza su creación. El ataque contra la reglamentación será exitoso si se demuestra que las normas son arbitrarias por descansar en motivos desvinculados del propósito de la reglamentación. Carrero v. Depto. de Educación, supra, pág. 273; Román v. Tribunal Examinador de Médicos, 116 D.P.R. 71, 81 (1985).

Un examen del citado Reglamento Núm. 3750 refleja que su propósito fue incorporar a los procedimientos adjudicativos del Departamento de Educación los requisitos de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2101 et. seq. Véase, Art. 1 del Reglamento. No surge, que dicho procedimiento aplique a las controversias laborales

de los empleados del Departamento con la agencia, materia que está reglamentada por la legislación especial que crea a J.A.S.E.[5]

La Sec. 3.1 de Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2151 (en adelante L.P.A.U.) exige a toda agencia que "por disposición de una ley, regla o reglamento o de este Capítulo deba adjudicar formalmente una controversia," dirigir sus procedimientos adjudicativos por las disposiciones de la L.P.A.U. En armonía con esta disposición, las agencias deben adoptar un reglamento para regular sus procedimientos de adjudicación. Sec. 3.2 de la L.P.A.U., supra, 3 L.P.R.A. sec. 2152.

De las disposiciones antes mencionadas podemos colegir que, el reglamento que una agencia adopte, aplicará sólo a las controversias que dicha agencia esté convocada por ley a adjudicar formalmente. Igualmente, si la agencia no está llamada por ley a adjudicar formalmente cierta controversia, la mera creación de un reglamento adjudicativo no le puede otorgar a la agencia una autoridad que no tiene sobre dicha controversia.

En este caso, como ya hemos visto, J.A.S.E. es la entidad llamada por ley a adjudicar formalmente controversias como la que hoy nos ocupa, a saber, controversias en las que se impugnen medidas correctivas tomadas con carácter final por el Secretario de Educación o algún funcionario con autoridad para ello, incluyendo descuentos de sueldo a maestros por ausencias injustificadas. En consecuencia, si el Departamento de Educación carece de la facultad para adjudicar formalmente la controversia, entonces resulta forzoso concluir que el Reglamento Núm. 3750, no aplica a este tipo de controversias. Por consiguiente, el único foro administrativo donde debe acudir la

---

[5]Resulta propio destacar que el Art. 9 del Reglamento Núm. 3750, supra, establece que el "Departamento de Instrucción [Departamento de Educación] notificará por correo a la parte querellada o promovida copia de la querella," disposición que claramente carece de sentido cuando, como el presente caso, la parte promovida lo sería la propia agencia. Ello refleja que, contrario a la posición de la mayoría del Tribunal de Circuito, este tipo de procedimiento resulta inaplicable en

peticionaria es J.A.S.E., y no a la Oficina de Inspección de Quejas del Departamento de Educación.

Cabe destacar que, la Ley Orgánica de J.A.S.E. tampoco contempla el requisito de presentar querella ante la Oficina de Inspección de Quejas, sino que concede a los empleados agraviados un término de treinta (30) días para apelar, "contados a partir de la notificación de la acción o decisión objeto de la apelación." Art. 8 de la Ley Núm. 115, supra, 18 L.P.R.A. sec. 274e-2.

La decisión de la mayoría del Tribunal de Circuito, en contravención a los claros e inequívocos principios antes citados, tendría la fatal consecuencia de requerir a un empleado agraviado por una decisión administrativa del Departamento de Educación el agotar unos remedios administrativos ultra vires –aquellos que la agencia tenga a bien crear o definir —previo a poder recurrir ante J.A.S.E. De generalizarse sus premisas, el argumento esbozado por la mayoría del Tribunal de Circuito, justificaría el requerir a los empleados de gobierno agraviados por una actuación administrativa agotar tres o cuatro niveles de apelación dentro de una agencia, antes de poder acudir a J.A.S.E., siempre que la agencia decida adoptar procedimientos internos de este tipo. El gasto y la dilación resultante tendría el efecto de inhibir la utilización por los empleados de estos organismos para proteger sus derechos.

Como ya expresáramos, en este caso el Departamento de Educación determinó, luego de una comunicación escrita, deducirle a la peticionaria su salario por un día debido a que se ausentó de su trabajo el 1 de octubre de 1997. Desde el punto de vista de la agencia, el recibo de la carta en cuestión completó el trámite necesario. No existe otro trámite pendiente de realizar por el Departamento de Educación. En ese sentido, no se plantea que la agencia esté llevando a cabo una investigación para imponer sanciones

estas situaciones y que su presentación no es un requisito indispensable para que un empleado acuda ante J.A.S.E.

ulteriores a la peticionaria que participó en el paro, o que la determinación del Director de la Escuela y del Distrito Escolar tenga que ser ratificada por un oficial de superior jerarquía dentro del Departamento para ser eficaz.

La determinación impugnada por la peticionaria es, pues, una completa y final, desde el punto de vista de su eficacia jurídica. La decisión de la agencia no es una tentativa o temporera. Cualquiera que pudiera ser la lesión sufrida por la peticionaria, la misma ya ha tenido efecto con el recibo de la carta.

En estas circunstancias, requerirle a la peticionaria presentar una querella dentro de un procedimiento adjudicativo, no es otra cosa que colocar escollos artificiales e ultra vires para impedir la revisión de lo que podría constituir una controversia con matices políticos.

IV

Finalmente, la mayoría del Tribunal de Circuito señaló que la decisión de la agencia no era final, porque la determinación no fue tomada por el Secretario de Educación. Erró el Tribunal de Circuito en su interpretación.

Al señalar la ley que un empleado pueda recurrir de una "acción o decisión del Secretario de Educación", no significa que un empleado pueda recurrir a J.A.S.E. sólo cuando el mandatario último de la agencia hubiera intervenido en el caso. Esta es simplemente una forma usual de caracterizar una actuación administrativa. Si sólo pudiera recurrirse de decisiones del Secretario de Educación, entonces la agencia podría escapar la revisión de sus determinaciones de personal con meramente procurar que el Secretario no participe nunca en estos casos, sino que delegue sus facultades a otros funcionarios. No debemos perder de perspectiva, que las leyes deben ser interpretadas y aplicadas **"sin desvincularlas del problema cuya solución persiguen, como parte de un todo coherente y armonioso [del] ordenamiento**

**jurídico**." <u>J.R.T.</u> v. <u>A.E.E.</u>, Op. de 1 de abril de 1993, 133 D.P.R.___ (1993), 93 JTS 49, pág. 10562 y casos allí citados. Véase, también, <u>Pueblo</u> v. <u>Zayas Colón</u>, Op. de de 1995, 139 D.P.R.___ (1995) 95 JTS 127, pág. 103.

En el caso de autos, la carta fue enviada a la peticionaria por los oficiales del Departamento so color de una autoridad delegada por el titular de la agencia para llamarle la atención. J.A.S.E. tiene jurisdicción para pasar juicio sobre la validez de dicha actuación.

Por otro lado, si la actuación de los oficiales no estaba sancionada por la jerarquía de la agencia, se trataría de una actuación ultra vires y J.A.S.E. tendría igualmente potestad para corregir la misma.

No podemos avalar que empleados puedan ser objeto de una deducción de su salario que entiendan injusta y que encuentren escollos innecesarios que le impidan vindicar sus derechos con la rapidez que las disputas laborales requieren. El acceso a los foros apelativos creados para revisar este tipo de determinación debe ser uno expedito.

Por último, no podemos olvidar que la creación de agencias administrativas y la delegación a éstas de poderes cuasi judiciales tiene el propósito de proveer un sistema adjudicativo **económico**, **rápido** y **práctico**. Su fin último es hallar la verdad y hacer justicia a las partes, mediante un proceso ágil y sencillo que propicie eficientemente su uso por personas legas. (Énfasis nuestro.) <u>López y otros</u> v. <u>Asoc de Taxis de Cayey</u>, Op. de 16 de diciembre de 1996, 142 D.P.R.___ (1996) 96 JTS 161, pág. 400.

V

A tenor con los fundamentos antes expuestos, se dicta sentencia revocando la del Tribunal de Circuito de Apelaciones. Se devuelve el caso a la Junta de Apelaciones del Sistema de Educación para que continúe con los procedimientos conforme con lo aquí expuesto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

CC-98-430


Luz M. Franco Dominicci

    Peticionaria

        v.                          CC-98-430

Departamento de Educación

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 30 de junio de 1999

    Por lo fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia mediante la cual se revoca la dictada por el Tribunal de Circuito de Apelaciones. Se devuelve el caso a la Junta de Apelaciones del Sistema de Educación para que continúe con los procedimientos conforme con lo aquí expuesto.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Negrón García y Rebollo López concurren con el resultado sin opinión escrita. El Juez Asociado señor Corrada del Río disintió sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo