El Juez Asociado Señor Estrella Martínez
emitió la opinión del Tribunal.
Nos corresponde resolver si una agencia de la Rama Ejecutiva tiene la facultad para incorporar, por vía regla-mentaria, el requisito adicional de notificar a la Oficina del Procurador General un recurso de revisión administrativa. Específicamente, si el requisito impuesto por el Departa-mento de Salud, de notificar a la Oficina del Procurador General la revisión de la concesión de un Certificado de Necesidad y Conveniencia, viola las disposiciones conteni-das en la Ley de Procedimiento Administrativo Uniforme (LPAU).
Por entender que ninguna agencia de la Rama Ejecutiva puede afectar unilateralmente la facultad revisora de la Rama Judicial, al imponer requisitos mayores a los dis-puestos por la Asamblea Legislativa en la LPAU, infra, o la ley orgánica pertinente, contestamos que la exigencia de notificar todo recurso de revisión de un Certificado de Ne-cesidad y Conveniencia a la Oficina del Procurador General constituye una actuación nula del Departamento de Salud.
I
Los hechos pertinentes a la controversia ante este Tribunal tienen su génesis el 26 de febrero de 2013 cuando el Hospicio La Esperanza y Healthkeepers, Hospice, Inc. (Hospicios) presentaron un recurso de revisión administra-tiva ante el Tribunal de Apelaciones para solicitar la revi-sión de la resolución emitida por el Departamento de Salud el 22 de enero de 2013, y archivada en autos el 29 de ese *61 mes. Mediante la determinación del Departamento de Sa-lud se otorgó un Certificado de Necesidad y Conveniencia a Vitas Health Care Corporation para establecer un hospicio en el área metropolitana. Al presentar el recurso de revi-sión administrativa, Hospicios notificó a todas las partes que fueron notificadas mediante la resolución recurrida y al Departamento de Salud.
Por su parte, tanto el Departamento de Salud como Vi-tas Health Care, solicitaron la desestimación del recurso presentado ante el Tribunal de Apelaciones. Ambos sostu-vieron que Hospicios no notificó a la Procuradora General la presentación del recurso de revisión administrativa ins-tado ante el foro intermedio. Alegan que eso se hizo en violación al inciso R(4) del Artículo VIII del Reglamento del Secretario de Salud para Regular los Procedimientos Adju-dicativos en el Departamento de Salud y sus Dependencias (Reglamento Núm. 85 del Departamento de Salud), Regla-mento Núm. 5467 del Departamento de Estado de 27 de agosto de 1996 (Reglamento Núm. 85 del Departamento de Salud). En fin, sostuvieron que Hospicios incumplió con un requisito de cumplimiento estricto sin acreditar justa causa. Hospicios, por su parte, se opuso a la solicitud de desestimación.
El Tribunal de Apelaciones, mediante Sentencia de 12 de abril de 2013, y archivada en autos el 18 de ese mes, atendió los planteamientos y desestimó por falta de juris-dicción el recurso de revisión que presentó Hospicios. Una mayoría del foro intermedio determinó que Hospicios in-cumplió con el Reglamento Núm. 85 del Departamento de Salud al no notificar a la Procuradora General. A su vez, concluyó que no se presentó justa causa para el incumpli-miento con tal requisito. No obstante, en la referida sen-tencia hubo un voto disidente. En éste se expuso que la falta de notificación a la Procuradora General constituye un requisito añadido por el Reglamento Núm. 85 del De-partamento de Salud no armonizable con la LPAU.
*62 Inconforme, Hospicios acude ante este Tribunal y señala los errores siguientes:
Primer Error: Erró el Tribunal de Apelaciones al desestimar el recurso de revisión por falta de jurisdicción.
Segundo Error: Erró el Tribunal de Apelaciones al dar validez a una disposición de un reglamento administrativo que re-sulta contraria a la Ley de Procedimiento Administrativo Uni-forme y al Reglamento del Tribunal de Apelaciones. Solicitud de certiorari, pág. 5.
El 28 de junio de 2013 expedimos el recurso ante nues-tra consideración. Con el beneficio de la comparecencia de las partes, procedemos a atender conjuntamente los erro-res señalados.
II
 La Ley Orgánica del Departamento de Salud, Ley Núm. 81 de 14 de marzo de 1912, según enmendada, 3 LPRA sec. 171 et seq., dispone que el Secretario de Salud tiene a su cargo todos los asuntos que por ley se encomienden relacionados con la salud, sanidad y beneficencia pública, excepto aquellos que se relacionan con el servicio de cuarentena marítima. Entre estos asuntos, el Departamento de Salud tiene la facultad para conceder Certificados de Necesidad y Conveniencia para asegurar la planificación ordenada de las instalaciones y los servicios de salud en respuesta a la necesidad de la población y a los servicios existentes. Véase Ley Núm. 2 de 7 de noviembre de 1975, según enmendada, 24 LPRA sec. 334 et seq.
Con el propósito de lograr la planificación ordenada, la Ley Núm. 2, supra, autorizó al Secretario de Salud a esta-blecer mediante reglamento los criterios para expedir o de-negar el Certificado de Necesidad y Conveniencia. 24 LPRA sec. 334b. A su vez, dispuso cuáles son los criterios que debía contener ese reglamento a la hora de evaluar si lo concede o no. Además, esta ley autorizó al Secretario de *63 Salud a establecer mediante reglamento el procedimiento para el recibo y la evaluación de las solicitudes de Certifi-cados de Necesidad y Conveniencia. 24 LPRA sec. 334f-2. La Ley Núm. 2 fue enmendada por la Ley Núm. 206-1998 para atemperar sus disposiciones a las de la LPAU. Véase Exposición de Motivos de la Ley Núm. 206-1998.
El Departamento de Salud aprobó el Reglamento Núm. 85 del Departamento de Salud, el cual dispone los procedimientos al solicitar y revisar la concesión o denegación de un Certificado de Necesidad y Conveniencia. En lo que nos atañe, el Reglamento Núm. 85 del Departamento de Salud dispone, en su inciso R(4) del Artículo VIII, pág. 39, que
[s]erá obligación de la parte que solicite revisión judicial noti-ficar con copia de dicho escrito al Departamento de Salud, Ofi-cina de Asesores Legales y al Procurador General. (Énfasis suplido).
De lo expuesto, resalta que en la reglamentación apro-bada por el Departamento de Salud se requiere que se no-tifique al Procurador General de la solicitud de revisión judicial.
En lo que concierne a la Oficina del Procurador General, fue creada originalmente mediante la aprobación de la Ley Núm. 7 de 15 de mayo de 1959 (3 LPRA secs. 84-84i). En esencia, la función de la Oficina del Procurador General es la de representar al Estado, sus agencias y funcionarios ante los tribunales apelativos de Puerto Rico y Estados Unidos. Véase A. Rodríguez Rodríguez, Abogando ante el Tribunal Supremo: deberes y obligaciones de la Oficina del Procurador General, 62 (Núm. 1) Rev. Jur. UPR 87 (1993).
La Oficina del Procurador General fue reorganizada mediante la Ley Núm. 205-2004, Ley Orgánica del Depar-tamento de Justicia, 3 LPRA see. 291 et seq. Su propósito se mantuvo prácticamente inalterado. Esta oficina repre- *64 senta al Estado en las causas a nivel apelativo en las que este sea parte o tenga interés, 3 LPRA see. 2941; brinda el apoyo técnico y la asistencia necesaria para tramitar las causas a nivel de primera instancia, tanto en el foro estatal como en el federal, 3 LPRA sec. 294m, y practica las inves-tigaciones que solicite este Tribunal con relación a quejas y procedimientos disciplinarios contra abogados y notarios, 3 LPRA sec. 294n.
En lo particular a la controversia de autos, la Oficina del Procurador General representa al Estado a nivel apelativo en lo siguiente:
(a) El Procurador General representará al Estado Libre Asociado en todos los asuntos civiles y criminales en que éste sea parte o esté interesado y que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apela-tivos de Puerto Rico, de los Estados Unidos, o de cualquier otro estado federado, territorio o posesión de los Estados Uni-dos de América, excepto en los casos en los cuales el Secretario determine otra cosa.
(b) El Procurador General también representará ante cual-quier tribunal apelativo a aquellas partes o intereses repre-sentados por el Departamento en primera instancia y compa-recerá ante cualquier tribunal apelativo en la continuación de otras causas tramitadas en primera instancia por el Departa-mento o por representación legal externa, excepto en los casos en los cuales el Secretario determine otra cosa y sujeto a las excepciones que puedan establecerse por ley.
(c) Igualmente, a solicitud de un municipio, el Procurador General le prestará los servicios a nivel apelativo, en casos apropiados y cuando el Secretario así lo estime conveniente.
El municipio deberá satisfacer al Departamento el costo de la referida representación legal, cuyo dinero ingresará al Fondo Especial creado en virtud de las sees. 291 a 295u de este título.
(d) En aquellos casos en que concurran como partes el Es-tado Libre Asociado y alguna otra parte o interés representado por el Departamento en primera instancia, el Procurador General podrá optar por representar simultáneamente, ante el foro apelativo correspondiente, tanto al Estado Libre Asociado como a la parte o interés representado por el Departamento en primera instancia; representar únicamente a la parte o inte-rés representado por el Departamento en primera instancia; o representar únicamente al Estado Libre Asociado. En este úl- *65 timo caso será necesaria la anuencia del Secretario. 3 LPRA sec. 294Z.
De lo expuesto, se colige que la Oficina del Procurador General asume la representación del Estado a nivel apelativo en ciertos procesos. Como regla general, en los asuntos civiles o criminales en los que el Estado sea parte o en los que esté interesado ante el Tribunal de Apelaciones de Puerto Rico, de Estados Unidos o de cualquier otro estado federado. Igualmente, esta oficina se ocupará de la repre-sentación legal a nivel apelativo de aquellas partes o inte-reses representados por el Departamento de Justicia ante el Tribunal de Primera Instancia. Además, véase Morales et als. v. Marengo et al., 181 DPR 852, 864 (2011).
Ahora bien, en el presente caso se cuestiona que mediante el uso del Reglamento Núm. 85, el Departamento de Salud obligue a que las partes que solicitan revisión judicial notifiquen el recurso instado a la Oficina del Procura-dor General. En síntesis, se plantea que ello resulta en un requisito adicional no incluido por la LPAU y una acción ultra vires del Departamento de Salud. Analicemos.
III
A. La LPAU —Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 LPRA sec. 2101 et seq.)— respondió a la necesidad de crear un cuerpo uniforme de reglas mínimas que toda agencia administrativa debe observar al aprobar sus reglamentos. Asimismo, ésta se promulgó para establecer procedimientos uniformes en los trámites adjudicativos celebrados en las distintas agencias gubernamentales. Pagán Ramos v. F.S.E., 129 DPR 888 (1992). Con ese fin, la LPAU cobijó todos los procedimientos administrativos conducidos ante las agencias que no estuvieran excluidas de su aplicación, incluso los trámites para formular reglas y reglamentos, adjudicar contro- *66 versias, otorgar licencias y cualquier proceso investigativo. Véase 3 LPRA sees. 2103 y 2102(k).
Para lograr el objetivo de conseguir uniformidad ante los trámites administrativos, la LPAU requirió que, en el periodo de un año desde su aprobación, cada agencia conformara sus reglas o reglamentos a tono con las disposiciones del referido estatuto. 3 LPRA sec. 2105(b). De esta forma, la LPAU integró unos procedimientos uniformes mínimos que sustituyeron los trámites de las agencias que fueran incompatibles con sus disposiciones y estableció que los reglamentos aprobados por las agencias debían ser conformes a las disposiciones de la LPAU. Pagán Ramos v. F.S.E., supra, págs. 901-902.
La importancia de la implementación de la LPAU conllevó el reconocimiento de que las reglas incorporadas por ésta prevalecerán sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la LPAU. Perfect Cleaning v. Cardiovascular, 162 DPR 745, 757 (2004). Por ende, las agencias cobijadas por el estatuto carecen de autoridad para adoptar reglamentación que imponga requisitos adicionales o distintos a los que impone la LPAU. Esto incluye los asuntos relacionados con la revisión judicial. Más aún, cualquier imposición adicional será nula si incumple sustancialmente con la LPAU. 3 LPRA sec. 2127. Véase, además D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Adminis-trativo Uniforme, 3ra ed., Bogotá, Ed. Forum, 2013, pág. 123. Por lo tanto, las disposiciones de esta ley desplazan y tienen predominio sobre toda regla de una agencia que sea contraria a ésta. López Rivera v. Adm. de Corrección, 174 DPR 247, 254 (2008).
En ese sentido, al examinar la validez de una reglamentación de una agencia administrativa, los tribunales estamos obligados a analizar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está *67 dentro de los poderes delegados; (4) si al aprobarse el re-glamento se cumplió con las normas procesales de la ley orgánica, y (5) si la reglamentación es arbitraria o caprichosa. OEG v. Santiago Guzmán, 188 DPR 215 (2013); Buono Correa v. Srio. Rec. Naturales, 177 DPR 415, 449-450 (2009); Franco v. Depto. de Educación, 148 DPR 703, 711-712 (1999).
En cuanto a si la reglamentación es arbitraria o caprichosa, este Tribunal ha advertido que “las agencias carecen de facultad para adoptar reglamentación que imponga requisitos adicionales a aquellos establecidos por los estatutos que rigen la revisión de la agencia”. (Enfasis suplido). Franco v. Depto. de Educación, supra, pág. 712. A modo de ejemplo, este Tribunal expresó que, luego de que en 1995 la LPAU eliminó el requisito jurisdiccional de presentar una moción de reconsideración antes de solicitar revisión judicial, solo se exigirá la presentación de reconsideración cuando una ley posterior a la enmienda así lo requiera. Aponte v. Policía de P.R., 142 DPR 75 (1996). Véanse, además: López Rivera v. Adm. de Corrección, supra, págs. 259-260 (rechazamos la imposición de términos más cortos para presentar una moción de reconsideración por ser contrario a lo dispuesto en la LPAU); Com. de Seguros v. A.E.E.L.A., 171 DPR 514, 522-523 (2007) (exigimos que el informe del oficial examinador que presidió la vista forme parte del expediente administrativo conforme requiere la Sec. 3.18 de la LPAU, 3 LPRA sec. 2168); Perfect Cleaning v. Cardiovascular, supra, pág. 762-763 (rechazamos la exigencia de presentar una solicitud de reconsideración y una fianza como requisitos jurisdiccionales para revisar una subasta, ya que ello constituye un acto ultra vires impuesto mediante reglamento sin que la ley habilitadora le hubiera delegado expresa o implícitamente tal facultad).
El caso ante nuestra consideración nos brinda la opor-tunidad de atender si requerir la notificación a la Oficina *68 del Procurador General constituye una actuación que con-traviene la LPAU.
B. En lo que corresponde a la solicitud de revisión judicial de las decisiones administrativas, es necesario referirnos a lo que la LPAU establece como el procedimiento para solicitar la revisión de órdenes o resoluciones finales de la agencia.
En lo pertinente, la LPAU requiere que en la orden o resolución final se advierta del derecho a solicitar reconsideración ante la agencia o a instar el recurso de revisión ante el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expre-sión de los términos correspondientes. 3 LPRA see. 2164. Ello, pues, la LPAU precisa que la parte afectada adversa-mente por una orden o resolución final de una agencia, que ya agotó todos los remedios provistos por el organismo ad-ministrativo apelativo correspondiente acuda al foro inter-medio, como norma general, en el término de treinta días desde el archivo de la notificación de la orden o resolución final, a menos que una moción de reconsideración inte-rrumpa oportunamente ese periodo. Además, la LPAU exige que la parte que solicite la revisión notifique su presentación “a la agencia y a todas las partes dentro del término para solicitar dicha revisión” ante el Tribunal de Apelaciones. (Énfasis suplido). 3 LPRA sec. 2172.
Cónsono con lo expuesto, en cuanto a la notificación a las “partes”, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone como sigue:
(B) Notificación a las partes.—
(1) Cuándo se hará. — La parte recurrente notificará el es-crito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados(as) de récord del trámite adminis-trativo o, en su defecto, a las partes, así como a la agencia o al funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.
*69 El propio estatuto de la LPAU establece que se considera como “parte” a “toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en esa acción, o que se le permita intervenir o participar en la misma, o que haya entablado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en ese procedimiento”. 3 LPRAsec. 2102(j). De igual forma, el Reglamento Núm. 85 del Departamento de Salud incorporó esta definición al establecer que es parte toda persona a quien se dirige el procedimiento adjudicativo o a quien se le permita participar en él, que haya entablado una petición para la revisión o cumplimiento de una orden o que sea designado como parte en ese procedimiento. Véase Art. V(O) del Reglamento Núm. 85 del Departamento de Salud.
Nótese que la LPAU no exigió que se notificara a la Oficina del Procurador General como un requisito para so-licitar la revisión administrativa. Véase 3 LPRA see. 2172. Tampoco incluyó a la Oficina del Procurador General en su definición de “parte” dentro del proceso administrativo. íd. Por lo tanto, en lo que atañe a la controversia ante nos, la función de la Oficina del Procurador General se centra en asumir la representación legal, a nivel apelativo, de las agencias del Estado en aquellos casos en que éstas intere-sen su representación legal o se ordene su comparecencia. Por eso, la LPAU incluyó como requisito la notificación a la agencia administrativa y no lo extendió al eventual, pero especulativo en esta etapa, representante legal de la agen-cia: la Oficina del Procurador General. Por lo tanto, al aprobarse la LPAU, el legislador conocía la función de la Oficina del Procurador General; sin embargo, decidió no requerir que fuera notificado cuando se solicitara la revi-sión administrativa.
Nótese que cuando el legislador ha requerido que se no-tifique a la Oficina del Procurador General, así lo ha dis- *70 puesto expresamente. Véase, a modo de ejemplo, Regla 194 de Procedimiento Criminal, 34 LPRAAp. II. Véase, tam-bién, Regla 67 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, para el Procedimiento de recurso de revisión especial relacionado con las decisiones o adjudica-ciones de beneficios y servicios gubernamentales de ayuda al ciudadano en los que se requiere expresamente la noti-ficación a la “agencia recurrida y al Procurador(a) General”. 4 LPRAAp. XXII-B.
Adviértase, además, que el Art. 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 22-2003 (4 LPRA sec. 24y(c)), expresamente dispone que el Tribunal de Apelaciones tendrá competencia y cómo la ejercerá:
(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trá-mite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por las sees. 2101 et seq. del Título 3, conocidas como la “Ley de Procedi-miento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico”. (Énfasis suplido).
Así, resalta que en los recursos de revisión administra-tiva, el Estado no está obligado a comparecer. Sin embargo, en los casos que así se le requiere, es la propia agencia la que remite el expediente a la Oficina del Procurador General. Véase Morales et als. v. Marengo et al., supra.
De otra parte, y en igual forma, al examinar la Ley Orgánica del Departamento de Salud y la Ley Núm. 2, supra, según enmendada, no encontramos algún ejercicio legislativo que requiera la notificación de la revisión administrativa a la Oficina del Procurador General. Por el contrario, la enmienda introducida por la Ley Núm. 206-1998 reconoció, en lo pertinente, que al solicitar la revisión judicial de *71 un proceso relacionado con los Certificados de Necesidad y Conveniencia sería bajo los términos de la LPAU. Véase 3 LPRA sec. 334f-10. De acuerdo con ello, ni la LPAU ni la Ley Núm. 2, supra, según enmendada, requieren la refe-rida notificación a la Oficina del Procurador General.
En consecuencia, cuando el Departamento de Salud aprobó el Reglamento Núm. 85 impuso requisitos adicionales a los establecidos por la LPAU o su ley habilitadora. Al así actuar, el Departamento de Salud se extralimitó de la autoridad que le concedió la Asamblea Legislativa y actuó en contravención a la política pública por la cual fue aprobada la LPAU: uniformar los procedimientos.
IV
En el caso de autos, el 26 de febrero de 2013, Hospicios presentó una oportuna solicitud de revisión administrativa ante el Tribunal de Apelaciones de la Resolución que emi-tió el Departamento de Salud el 22 de enero de 2013, noti-ficó el 25 de ese mes y puso en correo el 29.
Luego de sendas solicitudes de desestimación presenta-das por Vitas Health Care y el Departamento de Salud, el Tribunal de Apelaciones emitió una Sentencia desestima-toria por falta de jurisdicción el 12 de abril de 2013, y que fue archivada en autos el 18 de ese mes. Concluyó que Hospicios incumplió con el requisito de notificar la revisión judicial a la Oficina del Procurador General, impuesto por el Reglamento Núm. 85 del Departamento de Salud, sin que presentara justa causa para ello.
Inconforme, Hospicios acude ante este Tribunal y cues-tiona la facultad del Departamento de Salud para adoptar esa disposición en clara contravención al texto expreso de la LPAU. Así, señala que la exigencia de notificar a la Pro-curadora General no está incluida en la LPAU y mucho *72 menos en el Reglamento del Tribunal de Apelaciones, por lo que éste resulta inoficioso.
Por su parte, el Departamento de Salud sostiene que Hospicios debió cumplir con el requisito impuesto por el Reglamento Núm. 85 del Departamento de Salud, ya que la Oficina del Procurador General es la encargada de re-presentar legalmente al Estado y a sus agencias en los foros judiciales apelativos. Aduce que en este tipo de caso existe una política pública que amerita su comparecencia por tratarse de un Certificado de Necesidad y Conveniencia. De esta forma, entiende que al no presen-tarse justa causa para tal incumplimiento, procedía la desestimación. De igual forma, sostiene Vitas Health Care Corporation. No les asiste la razón.
La LPAU no incluyó el requisito de notificar a la Oficina del Procurador General cuando se solicita una revisión judicial. Así, la norma general es que solo se notifica el recurso de revisión a los abogados de récord del trámite administrativo, o, en su defecto, a las partes, así como a la agencia administrativa. Véase 3 LPRA see. 2172; Regla 58(B) del Reglamento del Tribunal de Apelaciones, supra. De igual forma, la citada Ley Núm. 2 no obliga que se notifique a la Oficina del Procurador General para la revisión concerniente a los Certificado de Necesidad y Conveniencia. Por el contrario, remite a los procedimientos dispuestos por la LPAU. Tampoco la Oficina del Procurador General fue incluida como “parte” en la definición adoptada por la LPAU. Mucho menos, compareció como abogada de récord. Tan es así, que a poco se examine la resolución emitida por el propio Departamento de Salud, resalta que ésta no fue notificada a la Oficina del Procurador General e, incluso, advierte que la comparecencia del Estado no es obligatoria, a menos que el Tribunal de Apelaciones así lo ordene, a tono con lo dispuesto por la Ley de la Judicatura.
Como hemos expuesto, al incorporar el requisito de no- *73 tificar a la Oficina del Procurador General en el Regla-mento Núm. 85 del Departamento de Salud, éste se exce-dió de sus facultades, por lo que no se puede exigir su cumplimiento. Por ende, Hospicios no venía obligado a no-tificar a la Oficina del Procurador General y el Tribunal de Apelaciones no debió desestimar por falta de jurisdicción el recurso de revisión presentado.
V
Por las razones expuestas, se revoca al Tribunal de Apelaciones. En consecuencia, se devuelve el caso al foro intermedio para que atienda el recurso de revisión presen-tado por Hospicios.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez di si ritió sin opinión escrita.