Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Josué Ortiz Colón<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202400073 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Sol. de Remedios, Núm.: ICG-1732-2023<br><br>Sobre: Respuesta a Sol. de Remedios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece ante nos el señor Josué Ortiz Colón (en adelante el Sr. Ortiz Colón o parte recurrente), quien presenta recurso de revisión judicial con el fin de que se revoque la "Respuesta al Miembro de la Población Correccional", emitida el 4 de diciembre de 2023, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, del Estado Libre Asociado de Puerto Rico (en lo sucesivo División de Remedios Administrativos o parte recurrida), número de solicitud ICG-1732-2023.[1]

El Sr. Ortiz Colón, a su vez, presentó ante nuestra consideración la "Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia", formulario OAT 1480, con el fin de que se le permita comparecer a este Tribunal *in forma*

---

[1] La determinación fue recibida por el Sr. Ortiz Colón el 21 de diciembre de 2023.

*pauperis.* Ésta, por la condición de confinado de la parte recurrente, se declara "Ha Lugar".

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se confirma la determinación recurrida, por los fundamentos que expondremos a continuación.

**-I-**

El Sr. Ortiz Colón, se encuentra sumariado en la Institución Correccional Guerrero del término municipal de Aguadilla, a razón de la Sentencia dictada en los casos número CVI1999G0079 y CVI1999G0080.

En lo que nos compete atender, el 1ro de noviembre de 2023, el Sr. Ortiz Colón presentó ante la División de Remedios Administrativos, una "Solicitud de Remedio Administrativo", bajo el número de solicitud ICG-1732-2023.[2] En ésta, requirió se le realizara un referido para recibir una evaluación psicológica actualizada. En cuanto a la evaluación, el Sr. Ortiz Colón la describió como, un requisito necesario para que la Junta de Libertad Bajo Palabra pudiese atender su expediente adecuadamente.

Surge de la "Hoja de Control sobre Liquidación de Sentencias",[3] fechada el 15 de marzo de 2023, que la fecha en que la parte recurrente alcanza el término mínimo lo es el 16 de agosto de 2024.

La solicitud fue atendida el 4 de diciembre de 2023, por la parte recurrida mediante una "Respuesta al Miembro de la Población Correccional".[4] En ésta el Sr. Carlos Vélez, Técnico Socio Penal, informó que, para ordenar el referido a la evaluación psicológica, era necesario una orden a esos efectos de la Junta de

---

[2] Anejo V del Apéndice
[3] Página 9 del Apéndice
[4] Anejo VIII, págs. 15-16 del Apéndice

Libertad Bajo Palabra. La determinación fue recibida por el Sr. Ortiz Colón el 21 de diciembre de 2023.

Inconforme, el 9 de enero de 2024, la parte recurrente, presentó ante la División de Remedios Administrativos una "Solicitud de Reconsideración".[5]

El 29 de enero de 2024, la División de Remedios Administrativos emitió una "Respuesta de Reconsideración al Miembro de la Población Correccional",[6] en la cual denegó la reconsideración del Sr. Ortiz Colón, y aclaró que el Departamento de Corrección y Rehabilitación tiene proyectado hacer el Informe a la Junta de Libertad Bajo Palabra, para el mes de marzo de 2024. Asimismo, la División de Remedios Administrativos arguyó que, próximamente entrevistarían al Sr. Ortiz Colón, para que éste retome las terapias psicológicas.

Aún inconforme con la determinación el Sr. Ortiz Colón, ha recurrido a este Tribunal con el planteamiento de que el Departamento de Corrección y Rehabilitación cometió los siguientes errores:

> *Primer Error: Erró el D.C.R. al no basar su determinación en evidencia sustancial, erró en la aplicación e interpretación de las leyes y los reglamentos que se le ha encomendado administrar, lesionando así los derechos fundamentales del recurrente, al actuar así, arbitraria, caprichosa, irrazonable e ilegalmente habiendo emitido una determinación carente de base racional y contraria a derecho.*

> *Segundo Error: Erró D.C.R. al no referir al Recurrente para que este sea evaluado y se le realice una Evaluación Psicológica Actualizada conforme al Manual para la clasificación de los confinados núm. 9151 de; 22 de enero de 2020, Parte I, Parte IV, letra A, inciso 1 y 2; y conforme al Plan de Reorganización del D. C. R. del 2011, Núm. 2 de 21 de noviembre de 2011, según enmendado Art. 3 Letra w, Art. 5 Letra d, Art. 7, letra 2, entre otros.*

---

[5] Véase Anejo IX
[6] Esta determinación fue notificada a la parte recurrente el 1ro de febrero de 2024.

*Tercer Error: Erró el D.C.R. al no realizar el referido en cuestión ignorando así que su actuación supone un grave perjuicio para el recurrente, en tanto interrumpió el proceso de rehabilitación emprendido por este proceso que constituye la meta principal del sistema penal según la carta magna.*

**-II-**

**-A-**

La revisión judicial de las decisiones administrativas está extensamente regulada por el Capítulo IV de la Ley de Procedimientos Administrativos Uniformes del Gobierno de Puerto Rico, según enmendada, Ley Núm. 38-2017, 3 LPRA sec. 9601-9713 (en adelante LPAU). Específicamente, la Sección 4.1 de la LPAU establece que las órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos serán revisadas por este Tribunal. 3 LPRA sec. 9671.

Ahora bien, el alcance de la revisión judicial a las determinaciones emitidas por las Agencias administrativas será uno limitado.  Ello, pues a tenor con la Sección 4.5 de la LPAU "[la]s determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". 3 LPRA sec. 9675. A su vez, este recurso sólo estará disponible para las decisiones, órdenes y resoluciones administrativas finales. 3 LPRA sec. 9676.

Es norma reiterada que, las decisiones de los organismos administrativos merecen una gran deferencia judicial. *Otero v. Toyota*, 163 DPR 716, 727 (2005).  El criterio rector, que deben emplear los foros judiciales al analizar estas determinaciones, lo será la razonabilidad de la actuación de la agencia. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 127 (2019).

En particular nuestro más alto Foro dispuso que, los tribunales no deben intervenir o alterar las determinaciones de hechos si éstos se basan en evidencia sustancial que surja del expediente administrativo, el cual deberá ser considerado en su totalidad. Señala el Tribunal Supremo que, la "evidencia sustancial" es, "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota, supra,* a las págs. 727-728.

Por otro lado, toda determinación administrativa está cobijada por una presunción de regularidad y corrección. *Hernández, Álvarez, v. Centro Unido,* 168 DPR 592, 615 (2006). Por ende, la revisión judicial de este tipo de decisiones se circunscribe a determinar si la actuación de la agencia es arbitraria, ilegal, o tan irrazonable que la misma constituye un abuso de discreción. *Otero v. Toyota, supra,* a la pág. 729; *Ramón Pacheco v. Estancias de Yauco,* 160 DPR 409,432 (2003); *Franco v. Depto. de Educación,* 148 DPR 703, 709 (1999); *Mun. de San Juan v. JCA,* 149 DPR 263, 280 (1999).

No podemos olvidar que las agencias, contrario a los tribunales, cuentan con conocimientos altamente especializados acerca de los asuntos que les son encomendados por el legislador. *Hernández, Álvarez, v. Centro Unido, supra,* a las págs. 615–616

**-B-**

El mecanismo de Solicitud de Remedios de los miembros de la población correccional será atendido de conformidad con el "Reglamento para Atender Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional del Departamento de Corrección y Rehabilitación", Reglamento Núm. 8583, (en adelante Reglamento de Remedios), aprobado el 4 de mayo de 2015.

Surge de la Regla VI del referido Reglamento de Remedios, *supra,* a la pág. 13, que la División de Remedios Administrativos donde se encuentre sumariado el confinado, tendrá jurisdicción para atender toda solicitud de remedio radicada. Lo anterior, condicionado a que lo solicitado esté directa o indirectamente a, entre otras cosas, actos incidentes que afecten personalmente al miembro en su bienestar físico, mental o en su plan institucional.

**-C-**

La Constitución de Puerto Rico, en la Sección 19 del Art. VI, establece como política pública referente al sistema correccional que, el Estado habrá de: "...reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Const. PR, art. VI, sec. 19.

A tono con lo anterior, mediante el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan 2-2011, 3 LPRA, Ap. XVIII, Arts. 1-92, según enmendado, (en lo sucesivo Plan de Reorganización), la Asamblea Legislativa decretó como política pública del Gobierno de Puerto Rico la creación de un Sistema Integrado de Seguridad y Administración Correccional.

Surge del Art. 7 del referido Plan de Reorganización, 3 LPRA, Ap. XVIII, Art. 7, que dentro de las facultades, custodias y deberes del Secretario del Departamento de Corrección y Rehabilitación se encuentra el,

(...)

> *y) administrar los servicios que requieren los miembros de la población correccional en los programas de supervisión electrónica, restricción terapéutica, restricción domiciliaria o bajo las medidas de seguridad y en libertad bajo palabra que estén bajo la custodia y supervisión del Departamento,* **tomando en consideración, además, las condiciones impuestas por la Junta de Libertad Bajo Palabra** *o los términos de la sentencia o*

*medidas de seguridad impuestas por el Tribunal, según sea el caso;*

*z) hacer las evaluaciones, investigaciones y rendir los informes necesarios sobre la conducta del miembro de la población correccional y los transgresores; emitir opiniones sobre la imposición de fianzas y **mantener una coordinación efectiva con la Junta de Libertad Bajo Palabra o el Tribunal**, Íd.* (Énfasis Nuestro)

**-D-**

La Junta de Libertad Bajo Palabra (en adelante Junta), es un organismo adscrito al Departamento de Corrección y Rehabilitación, creado al amparo de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 del 22 de julio de 1974, según enmendada, 4 LPRA, sec. 1501-1516. Ésta concede a la Junta discreción para, decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de nuestro país. Para el adecuado ejercicio de tal discreción, la Junta promulga reglamentos que establecen el marco de criterios para conceder o denegar privilegios.

La Junta promulgó el "Reglamento de la Junta de Libertad Bajo Palabra", Reglamento Núm. 9232, aprobado el 18 de noviembre de 2020. La Sección 9.2 del Reglamento de la Junta, *supra,* expone que, para que la Junta adquiera jurisdicción y pueda conceder los remedios de libertad bajo palabra, los funcionarios del Departamento de Corrección y Rehabilitación deberán realizar un referido en el formulario oficial publicado por dicho organismo a esos efectos.

Lo anterior, condicionado a que el referido se haga en un periodo no menor de 90 días calendarios, antes de que el peticionario cumpla el término mínimo de reclusión requerido. Véase la Sección 9.2 (B) del Reglamento de la Junta, *supra.*

En la misma línea, la Sección 10.2 del Reglamento de la Junta, *supra,* inciso 12, a la pág. 60, dispone que, el Departamento de Corrección y Rehabilitación deberá remitir a la Junta, entre

otras cosas, una evaluación médica, psicológica y/o psiquiátrica.[7]

Añade el texto de la Sección que,

a. *La Junta podrá requerir la evaluación médica, psicológica o psiquiátrica del Negociado de Rehabilitación y Tratamiento o de Salud Correccional, o entidad análoga debidamente acreditada por el Estado, en aquellos casos en que la persona se encuentre cumpliendo sentencia por delitos contra la vida y/o delitos sexuales, conforme al estado de derecho vigente a la fecha en que fue sentenciado, o en cualquier otro caso en que la Junta lo considere necesario.*
b. *Estos informes tendrán vigencia de tres (3) años desde la evaluación.*
c. *La Junta en su discreción podrá requerir otra evaluación, aunque tenga una vigente. Íd.*

Nótese que, de la precitada Sección, no surge que la evaluación psicológica actualizada sea un requisito indispensable o incluso necesario, para la consideración del referido del confinado. Por el contrario, el Reglamento de la Junta expone un mandato limitado a que los funcionarios del Departamento de Corrección y Rehabilitación entreguen una serie de documentos, que obren en el expediente del confinado.

Además, el texto esbozado del Reglamento de la Junta faculta de discreción a tal organismo, para requerir una evaluación médica, psicológica y/o psiquiátrica aun teniendo una de estas evaluaciones vigentes al momento de considerar el caso. En esa misma línea, el Tribunal Supremo tuvo la oportunidad de analizar el concepto y definición de discreción en el caso de *Ramírez v. Policía de P.R.*, 158 DPR 320, 340 (2002). En lo particular detalló que,

*"[l]a discreción, naturalmente, significa, tener poder para decidir de una u otra forma, esto es, para escoger entre uno o varios cursos de acción". No obstante, en el ámbito judicial dicho concepto no es una carta abierta para actuar de una forma u otra haciendo abstracción del derecho. Razón por la cual reiteradamente hemos expresado que la "discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Su ejercicio está inexorable e indefectiblemente atado al concepto de la razonabilidad. Íd.*

---

[7] Véase el acápite 12 del Reglamento de la Junta, *supra.*

**-III-**

Según reseñado el Sr. Ortiz Colón, recurre ante este Tribunal en revisión judicial por entender que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación erró al emitir la "Respuesta al miembro de la población correccional".[8]   Sin embargo, no es la apreciación de este Tribunal que se hayan cometido dichos errores.

Por estar íntimamente relacionados los errores planteados en el Recurso ante nos, procederemos a discutirlos conjuntamente.

El Sr. Ortiz Colón solicitó, en varias ocasiones, un referido para ser evaluado por un psicólogo o psicóloga de la parte recurrida.  Esto con el fin de recibir una Evaluación Psicológica actualizada. Es la posición de la parte recurrente que la Evaluación Psicológica actualizada es un criterio o requisito necesario para que la Junta de Libertad Bajo Palabra considere adecuadamente su caso y conceda el privilegio de la libertad bajo palabra.  No le asiste la razón.

Según esbozado la Sección 9.2 del Reglamento de la Junta, *supra,* dispone que el Departamento de Corrección y Rehabilitación referirá los casos, con no menos de 90 días antes de que el peticionario cumpla con el término mínimo de reclusión requerido, para que la Junta adquiera jurisdicción.  Es decir, en el caso de la parte recurrente, quien tiene un término mínimo que cumplir hasta agosto 2024, la parte recurrida deberá realizar el referido no luego del 16 de marzo de este mismo año.

Asimismo, se desprende del inciso 12 de la Sección 10.2 del Reglamento de la Junta, *supra,* que, al momento de referir un caso, el Departamento de Corrección y Rehabilitación viene llamado a entregar a la Junta de Libertad Bajo Palabra una serie de documentos que obren en el expediente del confinado.

---

[8] Anejo VIII, págs. 15 y 16 del Apéndice

Específicamente, requiere que acompañe el referido con una evaluación médica, psicológica y/o psiquiátrica. Ello con la salvedad que, la Junta tiene la discreción de requerir otra evaluación médica, psicológica y psiquiátrica en aquellos casos que lo considere necesario. Lo anterior, aun teniendo una evaluación vigente.

Como vemos, el claro texto del Reglamento de la Junta no constituye un mandato al Departamento de Corrección y Rehabilitación, para que ordene evaluaciones médicas, psicológicas y psiquiátricas, con cercanía a la fecha del referido a la Junta de Libertad Bajo Palabra. Por el contrario, el precitado texto del Reglamento resalta la facultad discrecional que tiene la Junta de Libertad Bajo Palabra, para solicitar documentos adicionales o más recientes a los que obran en el expediente del confinado.

Finalmente, contrario a lo expuesto por el Sr. Ortiz Colón, no surge del Reglamento de la Junta, *supra*, que la no presentación de una evaluación psicológica vigente resulte en una denegación automática de los privilegios de libertad bajo palabra.

**-IV-**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, confirmamos la determinación emitida el 4 de diciembre de 2023, División de Remedios Administrativos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones