EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Vitas Health Care Corporation<br><br>    Recurrida<br><br>          v.<br><br>Hospicio la Fe y la Esperanza de Puerto Rico y Healthkeepers Hospice, Inc.<br><br>    Peticionarios | Certiorari<br><br>2014 TSPR 3<br><br>190 DPR ____ |

Número del Caso: CC-2013-376


Fecha: 10 de enero de 2014


Tribunal de Apelaciones: Región Judicial de San Juan


Abogados de la Parte Peticionaria:

        Lcdo. Germán J. Brau
        Lcda. Grisselle Bermúdez Rodríguez


Abogada de la Parte Recurrido:

        Lcda. Jeannette Arias Pérez

Oficina de la Procuradora General:

        Lcda. Tanaira Padilla Rodríguez
        Subprocuradora General

        Lcda. Miriam Álvarez Archilla
        Procuradora General Auxiliar


Materia: Derecho Administrativo – Requisito de notificación establecido en la Ley de Procedimiento Administrativo Uniforme


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Vitas Health Care Corporation

    Recurrida

      v.

                        CC-2013-376        Certiorari

Hospicio la Fe y Esperanza
de Puerto Rico y Healthkeepers
Hospice, Inc.

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 10 de enero de 2014.

Nos corresponde resolver si una agencia de la Rama Ejecutiva tiene la facultad para incorporar, por vía reglamentaria, el requisito adicional de notificar a la Oficina del Procurador General un recurso de revisión administrativa. Específicamente, si el requisito impuesto por el Departamento de Salud, de notificar a la Oficina del Procurador General la revisión de la concesión de un certificado de necesidad y conveniencia, viola las disposiciones contenidas en la Ley de Procedimiento Administrativo Uniforme (LPAU).

Por entender que ninguna agencia de la Rama Ejecutiva puede unilateralmente afectar la

facultad revisora de la Rama Judicial, al imponer requisitos mayores a los dispuestos por la Asamblea Legislativa en la LPAU, *infra*, o la ley orgánica pertinente, contestamos que la exigencia de notificar todo recurso de revisión de un certificado de necesidad y conveniencia a la Oficina del Procurador General constituye una actuación nula del Departamento de Salud.

I

Los hechos pertinentes a la controversia ante este Tribunal tienen su génesis cuando el 26 de febrero de 2013, el Hospicio La Esperanza y Healthkeepers, Hospice, Inc. (Hospicios) presentaron un recurso de revisión administrativa ante el Tribunal de Apelaciones con el fin de solicitar la revisión de la resolución emitida por el Departamento de Salud el 22 de enero de 2013, archivada en autos el día 29 de ese mes. Mediante la determinación del Departamento de Salud se otorgó un certificado de necesidad y conveniencia a Vitas Health Care Corporation para establecer un hospicio en el área metropolitana. Al presentar el recurso de revisión administrativa, Hospicios notificó a todas las partes que fueron notificadas mediante la resolución recurrida y al Departamento de Salud.

Por su parte, tanto el Departamento de Salud como Vitas Health Care, solicitaron la desestimación del recurso presentado ante el Tribunal de Apelaciones. Ambos sostuvieron que Hospicios no notificó a la Procuradora

General la presentación del recurso de revisión administrativa instado ante el Foro Intermedio. Ello, alegan se hizo en violación al inciso R(4) del Artículo VIII del Reglamento Núm. 85 del Secretario de Salud, conocido como el "Reglamento del Secretario de Salud para regular los procedimientos adjudicativos en el Departamento de Salud y sus Dependencias", Reglamento Núm. 5467 de 27 de agosto de 1996 (Reglamento Núm. 85 del Departamento de Salud). En fin, sostuvieron que Hospicios incumplió con un requisito de cumplimiento estricto sin acreditar justa causa. Hospicios, por su parte, se opuso a la solicitud de desestimación.

El Tribunal de Apelaciones, mediante Sentencia de 12 de abril de 2013, archivada en autos el día 18 de ese mes, atendió los planteamientos y desestimó por falta de jurisdicción el recurso de revisión presentado por Hospicios. Una mayoría del foro intermedio determinó que Hospicios incumplió con el Reglamento Núm. 85 del Departamento de Salud al no notificar a la Procuradora General. A su vez, concluyó que no se presentó justa causa para el incumplimiento con tal requisito. No obstante, en la referida sentencia hubo un voto disidente. En éste se expuso que la falta de notificación a la Procuradora General constituye un requisito añadido por el Reglamento Núm. 85 del Departamento de Salud no armonizable con la LPAU.

Inconforme, Hospicios acude ante este Tribunal y señala los errores siguientes:

> Primer Error: Erró el Tribunal de Apelaciones al desestimar el recurso de revisión por falta de jurisdicción.

> Segundo Error: Erró el Tribunal de Apelaciones al dar validez a una disposición de un reglamento administrativo que resulta contraria a la Ley de Procedimiento Administrativo Uniforme y al Reglamento del Tribunal de Apelaciones.

El 28 de junio de 2013 expedimos el recurso ante nuestra consideración, con el beneficio de la comparecencia de las partes, procedemos a atender conjuntamente los errores señalados.

II

La Ley Orgánica del Departamento de Salud, Ley Núm. 81 de 14 de marzo de 1912, según enmendada, 3 L.P.R.A. sec. 171 *et seq.*, dispone que el Secretario de Salud tiene a su cargo todos los asuntos que por ley se encomienden relacionados con la salud, sanidad y beneficencia pública, excepto aquellos que se relacionan con el servicio de cuarentena marítima. Entre estos asuntos, el Departamento de Salud tiene la facultad para conceder Certificados de Necesidad y Conveniencia con el fin de asegurar la planificación ordenada de las facilidades y servicios de salud en respuesta a la necesidad de la población y a los servicios existentes. Véase, Ley Núm. 2 de 7 de noviembre de 1975, según enmendada, 24 L.P.R.A. sec. 334 *et seq.*

Con el propósito de lograr la planificación ordenada, la Ley Núm. 2, *supra*, autorizó al Secretario de Salud a

establecer mediante reglamento los criterios para expedir o denegar el certificado de necesidad y conveniencia. 24 L.P.R.A. sec. 334b. A su vez, dispuso cuáles son los criterios que debía contener ese reglamento a la hora de evaluar si concede un certificado de necesidad y conveniencia. Además, la Ley Núm. 2 autorizó al Secretario de Salud a establecer mediante reglamento el procedimiento para el recibo y la evaluación de solicitudes de certificados de necesidad y conveniencia. 24 L.P.R.A. sec. 334f-2. La Ley Núm. 2 fue enmendada en virtud de la Ley Núm. 206-1998, con el propósito de atemperar las disposiciones de ésta a las de la LPAU. Véase, Exposición de Motivos Ley Núm. 206-1998.

El Departamento de Salud aprobó el Reglamento Núm. 85 del Departamento de Salud, el cual dispone los procedimientos al solicitar y revisar la concesión o denegatoria de un certificado de necesidad y conveniencia. En lo que nos atañe, el Reglamento Núm. 85 del Departamento de Salud dispone en su inciso R (4) del Artículo VIII que:

> Será obligación de la parte que solicite revisión judicial notificar con copia de dicho escrito al Departamento de Salud, Oficina de Asesores Legales y **al Procurador General**. (Énfasis suplido).

De lo expuesto, resalta que en la reglamentación aprobada por el Departamento de Salud se requiere la notificación de la solicitud de revisión judicial al Procurador General.

En lo que concierne a la Oficina del Procurador General, fue originalmente creada mediante la aprobación de la Ley Núm. 7 de 15 de mayo de 1959, 3 L.P.R.A. secs. 84-84i. En esencia, la función de la Oficina del Procurador General es la de representar al Estado, sus agencias y funcionarios ante los tribunales apelativos de Puerto Rico y Estados Unidos. Véase, Anabelle Rodríguez Rodríguez, Abogando ante el Tribunal Supremo: Deberes y Obligaciones de la Oficina del Procurador General, 62 Rev. Jur. U.P.R. 87 (1993).

La Oficina del Procurador General fue reorganizada en virtud de la Ley Núm. 205-2004, Ley Orgánica del Departamento de Justicia, 3 L.P.R.A. sec. 291, et seq. El propósito de ésta se mantuvo prácticamente inalterado. La Oficina del Procurador General representa al Estado en las causas a nivel apelativo en las que el Estado sea parte o esté interesado, 3 L.P.R.A. sec. 294l; brinda el apoyo técnico y la asistencia necesaria para la tramitación de las causas a nivel de primera instancia, tanto en el foro estatal como en el federal, 3 L.P.R.A. sec. 294m; y practica las investigaciones que solicite este Tribunal con relación a quejas y procedimientos disciplinarios contra abogados y notarios, 3 L.P.R.A. sec. 294n.

En lo particular a la controversia de autos, la Oficina del Procurador General representa al Estado a nivel apelativo en lo siguiente:

a) El Procurador General representará al Estado Libre Asociado en todos los asuntos civiles y

criminales en que éste sea parte o esté interesado y que se tramiten en grado de apelación o en cualquier otra forma ante los tribunales apelativos de Puerto Rico, de los Estados Unidos, o de cualquier otro estado federado, territorio o posesión de los Estados Unidos de América, excepto en los casos en los cuales el Secretario determine otra cosa.

(b) El Procurador General también representará ante cualquier tribunal apelativo a aquellas partes o intereses representados por el Departamento en primera instancia y comparecerá ante cualquier tribunal apelativo en la continuación de otras causas tramitadas en primera instancia por el Departamento o por representación legal externa, excepto en los casos en los cuales el Secretario determine otra cosa y sujeto a las excepciones que puedan establecerse por ley.

(c) Igualmente, a solicitud de un municipio, el Procurador General le prestará los servicios a nivel apelativo, en casos apropiados y cuando el Secretario así lo estime conveniente. El municipio deberá satisfacer al Departamento el costo de la referida representación legal, cuyo dinero ingresará al Fondo Especial creado en virtud de las secs. 291 a 295u de este título.

(d) En aquellos casos en que concurran como partes el Estado Libre Asociado y alguna otra parte o interés representado por el Departamento en primera instancia, el Procurador General podrá optar por representar simultáneamente, ante el foro apelativo correspondiente, tanto al Estado Libre Asociado como a la parte o interés representado por el Departamento en primera instancia; representar únicamente a la parte o interés representado por el Departamento en primera instancia; o representar únicamente al Estado Libre Asociado. En este último caso será necesaria la anuencia del Secretario. 3 L.P.R.A. sec. 294*l*

De lo expuesto, se colige que la Oficina del Procurador General, asume la representación del Estado a nivel apelativo en ciertos procesos. Como regla general, en los asuntos civiles o criminales en los que el Estado

sea parte o en los que esté interesado ante el Tribunal de Apelaciones de Puerto Rico, de los Estados Unidos o de cualquier otro estado federado. Igualmente, la Oficina del Procurador General ostentará la representación legal a nivel apelativo de aquellas partes o intereses representados por el Departamento de Justicia en primera instancia. Además, véase, Morales *et als.* v. Marengo *et al.*, 181 D.P.R. 852, 864 (2011).

Ahora bien, en el presente caso, se cuestiona que el Departamento de Salud por virtud del Reglamento Núm. 85 del Departamento de Salud obligue a las partes que solicitan revisión judicial notificar el recurso instado a tales efectos a la Oficina del Procurador General. En síntesis, se plantea que ello resulta en un requisito adicional no contemplado por la LPAU y una acción *ultra vires* del Departamento de Salud. Analicemos.

III

A.

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2101, *et seq.*,(LPAU) respondió a la necesidad de crear un cuerpo uniforme de reglas mínimas que toda agencia administrativa debe observar al aprobar sus reglamentos. Asimismo, ésta se promulgó con el fin de crear procedimientos uniformes durante los trámites adjudicativos celebrados en las distintas agencias gubernamentales. Pagán Ramos v. F.S.E.,

129 D.P.R. 888 (1992). Con ese fin, la LPAU cobijó todos los procedimientos administrativos conducidos ante las agencias que no estuvieran excluidas de su aplicación, incluyendo los trámites para la formulación de reglas y reglamentos, la adjudicación de controversias, la otorgación de licencias y cualquier proceso investigativo. Véase, 3 L.P.R.A. secs. 2103, 2102(k).

Para lograr el objetivo de conseguir uniformidad ante los trámites administrativos, la LPAU requirió que, en el término de un año desde su aprobación, cada agencia conformara sus reglas o reglamentos a tono con las disposiciones del referido estatuto. 3 L.PR.A. sec. 2105(b). De esta forma, la LPAU integró unos procedimientos uniformes mínimos que sustituyeron los trámites de las agencias que fueran incompatibles con sus disposiciones y dispuso que los reglamentos aprobados por las agencias debían ser conforme a las disposiciones de la LPAU. Pagán Ramos v. F.S.E., *supra*, págs. 901-902.

La importancia de la implementación de la LPAU conllevó el reconocimiento de que las reglas incorporadas por ésta prevalecerán sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la LPAU. Perfect Cleaning v. Cardiovascular, 162 D.P.R. 745, 757 (2004). Por ende, las agencias cobijadas por el estatuto carecen de autoridad para adoptar reglamentación que imponga requisitos adicionales o distintos a los que impone la LPAU. Ello,

incluye los asuntos relacionados con la revisión judicial. Más aún, cualquier imposición adicional será nula si incumple sustancialmente con la LPAU. 3 L.P.R.A. sec. 2127. Véase, además, D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, Bogotá, Ed. Forum, 2013, pág. 123. Por tanto, las disposiciones de LPAU desplazan y tienen predominio sobre toda regla de una agencia que sea contraria a ésta. López Rivera v. Adm. de Corrección, 174 D.P.R. 247, 254 (2008).

En ese sentido, al examinar la validez de una reglamentación de una agencia administrativa, los tribunales estamos obligados a analizar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó poder de reglamentación; (3) si la reglamentación promulgada está dentro de los poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley orgánica; y (5) si la reglamentación es arbitraria o caprichosa. OEG v. Santiago Guzmán, res. 11 de marzo de 2013, 2013 T.S.P.R. 31, 188 D.P.R.___ (2013); Buono Correa v. Srio. Rec. Naturales, 177 D.P.R. 415, 449-450 (2009); Franco v. Depto. de Educación, 148 D.P.R. 703, 711-712 (1999).

En cuanto a si la reglamentación es arbitraria o caprichosa, este Tribunal ha advertido que "las agencias carecen de facultad para adoptar reglamentación que **imponga requisitos adicionales a aquellos establecidos por**

**los estatutos que rigen la revisión de la agencia".** Íd., pág. 712. A modo de ejemplo, este Tribunal expresó que, luego de que en el 1995 la LPAU eliminó el requisito jurisdiccional de presentar una moción de reconsideración antes de solicitar revisión judicial, sólo se exigirá la presentación de reconsideración cuando una ley posterior a la enmienda así lo requiera. Aponte v. Policía de P.R., 142 D.P.R. 75 (1996). Véanse, además, López Rivera v. Adm. de Corrección, *supra* (rechazamos la imposición de términos más cortos para presentar una moción de reconsideración por ser contrario a lo dispuesto en la LPAU); Com. de Seguros v. A.E.E.L.A., 171 D.P.R. 514 (2007) (exigimos que el informe del oficial examinador que presidió la vista forme parte del expediente administrativo conforme requiere la Sec. 3.18 de LPAU, 3 L.P.R.A. sec. 2168); Perfect Cleaning v. Cardiovascular, *supra*, (rechazamos la exigencia de presentar una solicitud de reconsideración y una fianza como requisitos jurisdiccionales para revisar una subasta, ya que ello constituye un acto *ultra vires* impuesto mediante reglamento sin que la ley habilitadora le hubiera delegado expresa o implícitamente tal facultad).

El caso ante nuestra consideración nos brinda la oportunidad de atender si el requerir la notificación a la Oficina del Procurador General constituye una actuación que contraviene la LPAU.

B.

En lo que corresponde a la solicitud de revisión judicial de las decisiones administrativas, es necesario referirnos a lo que la LPAU establece como el procedimiento para solicitar la revisión de órdenes o resoluciones finales de la agencia.

En lo pertinente, la LPAU requiere que en la orden o resolución final se advierta del derecho a solicitar reconsideración ante la agencia o a instar el recurso de revisión ante el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. 3 L.P.R.A. sec. 2164. Ello, pues, la LPAU precisa que la parte adversamente afectada por una orden o resolución final de una agencia que agotó todos los remedios provistos por el organismo administrativo apelativo correspondiente acuda, como norma general, en el término de treinta días desde el archivo de la notificación de la orden o resolución final al foro intermedio, a menos que dicho término fuere interrumpido oportunamente por una moción de reconsideración. Además, la LPAU exige que la parte que solicite la revisión notifique la presentación de ésta **"a la agencia y a todas las partes dentro del término para solicitar dicha revisión"** ante el Tribunal de Apelaciones. (Énfasis suplido). 3 L.P.R.A. sec. 2172.

Cónsono con lo expuesto, en cuanto a la notificación a las "partes", la Regla 58(B)(1) del Reglamento del

Tribunal de Apelaciones, 4 L.P.R.A. Ap. XII-B, dispone como sigue:

> (B) Notificación a las partes
>
> > (1) Cuándo se hará
> >
> > > La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados(as) de récord del trámite administrativo, o en su defecto, a las partes, así como a la agencia o al funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.

El propio estatuto de LPAU establece que se considera como "parte" a toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. 3 L.P.R.A. 2102(j). De igual forma, el Reglamento Núm. 85 del Departamento de Salud incorporó esta misma definición de "parte" al establecer que es parte toda persona a quien se dirige el procedimiento adjudicativo o a quien se le permita participar en el mismo o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designado como parte en dicho procedimiento. Véase, inciso (o) del Art. V del Reglamento Núm. 85 del Departamento de Salud.

Nótese que la LPAU no exigió que se notificara a la Oficina del Procurador General como un requisito para solicitar la revisión administrativa. Véase, 3 L.P.R.A. sec. 2172. Tampoco incluyó a la Oficina del Procurador General en su definición de "parte" dentro del proceso administrativo. Véase, 3 L.P.R.A. sec. 2172. Ello, pues, en lo que atañe a la controversia ante nos, la función de la Oficina del Procurador General se centra en asumir la representación legal, a nivel apelativo, de las agencias del Estado en aquellos casos en que éstas interesen su representación legal o se ordene su comparecencia. Debido a ese proceder, la LPAU incluyó como requisito la notificación a la agencia administrativa y no lo extendió al eventual, pero especulativo en esta etapa, representante legal de la agencia: la Oficina del Procurador General. Por tanto, al aprobarse la LPAU, el legislador conocía de la función de la Oficina del Procurador General, sin embargo decidió no requerir que fuera notificado al momento de solicitar la revisión administrativa.

Nótese que cuando el legislador ha requerido que se notifique a la Oficina del Procurador General, así lo ha dispuesto expresamente. Véase, a modo de ejemplo, Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 194; Regla 67 del Reglamento del Tribunal de Apelaciones para el Procedimiento de recurso de revisión especial, relacionados a decisiones o adjudicaciones de beneficios y

servicios gubernamentales de ayuda al ciudadano en los que se requiere expresamente la notificación "a la agencia y al Procurador General". 4 L.P.R.A. XXII-B, R. 67.

Adviértase, además, que el Art. 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 22-2003, 4 L.P.R.A. sec. 24y (c) expresamente dispone que el Tribunal de Apelaciones tendrá competencia:

> (c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos la mera presentación no paralizará el trámite en el organismo o agencia administrativa **ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal.** El procedimiento a seguir será de acuerdo con lo establecido por las secs. 2101 et seq. del Título 3, conocidas como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico". (Énfasis suplido).

Así, resalta que en los recursos de revisión administrativa, el Estado no está obligado a comparecer. Sin embargo, en los casos que así se le requiere, es la propia agencia la que remite el expediente a la Oficina del Procurador General. Véase, Morales *et als.* v. Marengo *et al.*, *supra*.

De otra parte, y en igual forma, al examinar la Ley Orgánica del Departamento de Salud, *supra*, y la Ley Núm. 2, *supra*, según enmendada, no encontramos algún ejercicio legislativo que requiera la notificación de la revisión administrativa a la Oficina del Procurador General. Por el contrario, la enmienda introducida por la Ley Núm. 206-

1998, en lo pertinente, reconoció que al solicitar la revisión judicial de un proceso relacionado con los certificados de necesidad y conveniencia sería bajo los términos de la LPAU. Véase, 3 L.P.R.A. sec. 334f-10. De acuerdo con ello, ni la LPAU ni la Ley Núm. 2, *supra*, según enmendada requiere la referida notificación a la Oficina del Procurador General.

En consecuencia, cuando el Departamento de Salud aprobó el Reglamento Núm. 85 del Departamento de Salud, impuso requisitos adicionales a los establecidos por la LPAU o su ley habilitadora. Al así actuar, el Departamento de Salud se extralimitó de la autoridad que le fuera concedida por la Asamblea Legislativa y actuó en contravención a la política pública de uniformar los procedimientos por la cual fue aprobada la LPAU.

IV

En el caso de autos, Hospicios presentó el 26 de febrero de 2013 una oportuna solicitud de revisión administrativa ante el Tribunal de Apelaciones de la Resolución, emitida por el Departamento de Salud el 22 de enero de 2013, notificada el día 25 de ese mes y puesta en correo el día 29.

Luego de sendas solicitudes de desestimación presentadas por Vitas Health Care y el Departamento de Salud, el Tribunal de Apelaciones emitió Sentencia desestimatoria por falta de jurisdicción el 12 de abril de 2013, archivada en autos el 18 de ese mes. Concluyó que

Hospicios incumplió con el requisito de notificar la revisión judicial a la Oficina del Procurador General, impuesto por el Reglamento Núm. 85 del Departamento de Salud sin que presentara justa causa para ello.

Inconforme, Hospicios acude ante este Tribunal y cuestiona la facultad del Departamento de Salud para adoptar esa disposición en clara contravención al texto expreso de la LPAU. Así, señala que la exigencia de notificar a la Procuradora General no está contemplada en la LPAU y mucho menos en el Reglamento del Tribunal de Apelaciones, por lo que éste resulta inoficioso.

Por su parte, el Departamento de Salud sostiene que Hospicios debió cumplir con el requisito impuesto por el Reglamento Núm. 85 del Departamento de Salud, ya que esa oficina es la encargada de representar legalmente al Estado y a sus agencias en los foros judiciales apelativos. Aduce que en este tipo de caso existe una política pública que amerita su comparecencia por tratarse de un certificado de necesidad y conveniencia. De esta forma, entiende que al no presentarse justa causa para tal incumplimiento, procedía la desestimación. De igual forma, sostiene Vitas Health Care. No les asiste la razón.

La notificación a la Oficina del Procurador General no está contemplada por la LPAU al solicitar una revisión judicial. Así, la norma general, es que sólo se notifica el recurso de revisión a los abogados de récord del trámite administrativo, o en su defecto, a las partes, así

como a la agencia administrativa. Véase, 3 L.P.R.A. sec. 2172; Regla 58 (B) del Reglamento del Tribunal de Apelaciones, *supra*. De igual forma, la Ley Núm. 2, *supra*, no obliga a que se notifique a la Oficina del Procurador General para la revisión concerniente a los certificados de necesidad y conveniencia. Por el contrario, remite a los procedimientos dispuestos por la LPAU. Tampoco la Oficina del Procurador General fue incluida como "parte" en la definición adoptada por la LPAU. Mucho menos, compareció como abogada de récord. Tan es así, que a poco se examine la resolución emitida por el propio Departamento de Salud, resalta que ésta no fue notificada a la Oficina del Procurador General e incluso advierte que la comparecencia del Estado no es obligatoria, a menos que el Tribunal de Apelaciones así lo ordene, a tono con lo dispuesto por la Ley de la Judicatura, *supra*.

Como hemos expuesto, al incorporar el requisito de notificar a la Oficina del Procurador General en el Reglamento Núm. 85 del Departamento de Salud, éste se excedió de sus facultades, por lo que no puede exigirse su cumplimiento. Por ende, Hospicios no venía obligado a notificar a la Oficina del Procurador General y el Tribunal de Apelaciones no debió desestimar por falta de jurisdicción el recurso de revisión presentado.

V

Por las razones expuestas, se revoca al Tribunal de Apelaciones. En consecuencia, se devuelve el caso al foro

intermedio para que atienda el recurso de revisión presentado por Hospicios.

Se dictará Sentencia de conformidad.


LUIS F. ESTRELLA MARTÍNEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Vitas Health Care Corporation

    Recurrida

          v.

                          CC-2013-376      Certiorari

Hospicio la Fe y Esperanza
de Puerto Rico y Healthkeepers
Hospice, Inc.

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 10 de enero de 2014.

Por las razones expuestas en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca al Tribunal de Apelaciones y se devuelve el caso al foro intermedio para que atienda el recurso de revisión presentado por Hospicios.

Notifíquese por teléfono, facsímil y por la vía ordinaria.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo